Filed 9/14/20  P. v. Rivera CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B299361 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA089208) |
| v. | |
| MICHAEL ALEXANDER RIVERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, David E. Madeo and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Michael Alexander Rivera appeals from the judgment entered at a resentencing hearing held after remand from this court.  (See *People v. Rivera* (Feb. 14, 2019, B285951) [nonpub. opn.].)  Rivera contends only that the trial court failed to consider whether a previously imposed one-year prior prison term enhancement should be struck, as we had directed.  The trial court did, in fact, strike the enhancement.  Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Rivera was convicted by a jury of second degree robbery.[1] Although the court found at a bifurcated bench trial that Rivera had suffered three prior strike convictions, it dismissed all three for sentencing purposes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and sentenced Rivera to 18 years in state prison:  the middle term of three years for second degree robbery, plus three five-year enhancements for Rivera's prior serious felony convictions pursuant to Penal Code section 667, subdivision (a).[2]  Rivera appealed the judgment, contending the trial court erred in imposing three, rather than one, prior serious

_____

[1]     Rivera took a laptop computer from a dance studio.  The owner of the computer followed Rivera outside and confronted him.  Rivera punched the computer's owner in the face, knocked him to the ground, kicked him and then fled.  The police located Rivera, recovered the computer and arrested him.

[2]     Statutory references are to this code unless otherwise stated.

2

felony enhancements for offenses that had been charged and tried together. The People conceded the error, and we vacated Rivera's sentence and remanded the matter to allow the trial court to reconsider all lawful sentencing options. (*People v. Rivera* (Sept. 11, 2017, B270567) [nonpub. opn.].)

At Rivera's resentencing hearing the trial court revisited its *Romero* ruling, dismissed only two of Rivera's three prior strike convictions and sentenced Rivera to 15 years in state prison: the upper term of five years for second degree robbery, doubled pursuant to the three strikes law, plus a consecutive five-year enhancement under section 667, subdivision (a)(1).

In a second appeal Rivera contended the trial court had abused its discretion by dismissing only two of his three prior strike convictions, arguing his sentence should be reduced to 10 years. We disagreed, but remanded the matter once again to allow the trial court to consider whether to dismiss or strike a one-year prior prison term enhancement under section 667.5, subdivision (b), that the court had stayed in Rivera's original sentence[3] or the five-year prior serious felony enhancement under

_____

[3]     As we explained the law in effect prior to the January 1, 2020 amendment of section 667.5, subdivision (b), which limited that enhancement to prior prison terms for sexually violent offenses (see Stats. 2019, ch. 590, § 1), "when it originally imposed (albeit incorrectly) three prior serious felony enhancements, the trial court properly stayed the one-year enhancement for the prior prison term Rivera served for those convictions. However, if the prison term is attributable to a felony for which no prior serious felony enhancement is imposed, the section 667.5, subdivision (b), enhancement for that prison term must be imposed or stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; citations omitted].) Accordingly, once we vacated the three section 667, subdivision (a), enhancements and

then-recent amendments to section 667, subdivision (a)(1), and section 1385, effective January 1, 2019 (see Stats. 2018, ch. 1013, §§ 1 & 2), which give the court discretion not to impose this formerly mandatory enhancement.  (*People v. Rivera*, *supra*, B285951.)

On remand the trial court on March 11, 2019 issued an order declining to strike the five-year prior serious felony enhancement under section 667, subdivision (a), but striking the one-year prior prison term enhancement "in the interests of justice as that appears to be consistent with Judge Umhofer's intent."[4]  Recognizing somewhat belatedly that in *People v. Rocha* (2019) 32 Cal.App.5th 352 our colleagues in Division Four of this court had held the defendant has a right to be present with counsel at a hearing at which the court decides whether it will exercise its discretion to strike a previously mandatory sentencing enhancement, on May 23, 2019 the court held a sentencing hearing to reconsider whether to strike the section 667, subdivision (a), prior serious felony enhancement.[5] The court again declined to strike the enhancement.  The section 667.5, subdivision (b), prior prison term enhancement was not addressed at the May 23, 2019 hearing.

---

the trial court at resentencing imposed only one of those enhancements, the lesser one-year prior prison term enhancement was no longer prohibited and could not be stayed." (*People v. Rivera*, *supra*, B285951.)

[4]     Judge Donald Umhofer, who presided at Rivera's trial and previously sentenced him, had retired by the time of the remand.

[5]     Rivera elected to appear at the hearing without counsel.

# DISCUSSION

In October 2019 the Legislature enacted Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) amending section 667.5, subdivision (b), effective January 1, 2020. The new law limited the applicability of that provision's one-year sentence enhancement for prior prison terms to defendants who had previously served a prison term for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). As the Attorney General acknowledges, this ameliorative amendment applies to nonfinal judgments on appeal. (*People v. Petri* (2020) 45 Cal.App.5th 82, 94 ["amendment to section 667.5, subdivision (b)," effective January 1, 2020, "applies retroactively to all defendants whose judgments are not yet final as of that date"]; see *People v. Matthews* (2020) 47 Cal.App.5th 857, 865; *People v. Winn* (2020) 44 Cal.App.5th 859, 872-873; see generally *In re Estrada* (1965) 63 Cal.2d 740, 748 [for a nonfinal conviction, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"].)

Rivera and the Attorney General agree the one-year prior prison term enhancement based on Rivera's prior conviction for a robbery, previously imposed and stayed by the trial court, must be struck from his sentence. Focusing on the May 23, 2019 sentencing hearing and apparently overlooking the March 11, 2019 minute order, Rivera in his brief on appeal argued the trial court failed to address that enhancement, notwithstanding our express direction that it do so. The Attorney General in his respondent's brief explains the enhancement had been struck on March 11, 2019, so no further action by the court was necessary

5

on May 23, 2019.[6]  We agree and, as suggested by the Attorney General, direct the superior court to prepare a new abstract of judgment to reflect the correct sentence, including the stricken section 667.5, subdivision (b), enhancement.

## DISPOSITION

The judgment is affirmed.  The superior court is directed to prepare a corrected abstract of judgment that reflects the one-year prior prison term enhancement under section 667.5, subdivision (b), has been struck, and forward it to the Department of Corrections and Rehabilitation.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

---

[6]    Rivera did not file a reply brief and waived oral argument.