Filed 9/24/20  P. v. Young CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BARRICK YOUNG,<br><br>Defendant and Appellant. | B291756<br><br>(Los Angeles County<br>Super. Ct. No. YA097437) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Conditionally reversed and remanded with directions.

Robert F. Somers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant and appellant Barrick Young was convicted of first degree burglary. He was sentenced to eight years for the burglary, plus 10 years for two prior serious felony convictions.

After Young was convicted, the Legislature enacted Penal Code section 1001.36,[1] which created a pretrial diversion program for defendants with mental disorders. While Young's case was pending on appeal, the Legislature also enacted amendments to sections 1385 and 667, subdivision (a), which gave trial courts discretion to dismiss sentencing enhancements for prior serious felony convictions.

In a prior appeal, we agreed sections 1385 and 667 applied retroactively, but we rejected Young's contention section 1001.36 applied retroactively to his case. The California Supreme Court granted review and remanded for reconsideration in light of *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), which held section 1001.36 applies to cases pending on appeal.

In light of *Frahs*, we conditionally reverse Young's conviction and sentence and remand for the trial court to conduct a mental health diversion eligibility hearing pursuant to section 1001.36 in accordance with our instructions *infra.* If the court denies diversion, or if the court grants diversion but Young fails to complete it, his conviction and sentence shall be reinstated and the court shall conduct a sentencing hearing to consider whether to strike either or both prior serious felony enhancements pursuant to sections 1385 and 667.

---

[1] All further statutory references refer to the Penal Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2017 at approximately 12:15 a.m., Los Angeles County Sheriff's Deputy Raymond Zavala was dispatched to a residence to investigate a report of a prowler on private property. After he arrived, Zavala approached the detached garage and observed that the area around the door lock was broken and the door frame was cracked. Zavala also observed a shoe print on the door. Zavala entered the garage and saw Young going through some boxes. After Zavala ordered Young to show his hands, Young took a glass pipe out of his front shirt pocket, placed it on a box in front of him, and then put up his hands. Young also had batteries, a lighter, and a charger in his other hand.

According to victim Walter White, neatly stored items in his garage had been strewn about the area by Young. White was the only person with access to the garage, and he did not give Young permission to enter. White testified the lighter, batteries, and charger did not belong to him.

Young testified he had been homeless for five months and, in the days leading up to December 27, he had been up for several days smoking methamphetamine. Young stated he entered the garage not to steal anything, but to sleep. He testified the items in the garage were strewn about because he was trying to hide his methamphetamine pipe. The batteries, charger, and lighter belonged to him. Young testified he sometimes heard voices, for which he was taking medication.

On May 16, 2018, after a bench trial, Young was convicted of one count of first degree burglary. (§ 459.) The court also found Young suffered two prior serious felony convictions (§ 667, subd. (a)(1)) and two strikes under the Three Strikes law

3

(§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The court also found Young served five prior prison terms (§ 667.5, subd. (b)).

Sentencing was conducted on July 25, 2018.  The court granted Young's *Romero*[2] motion as to one of the two strike priors.  The court sentenced Young to an aggregate term of 18 years in prison, consisting of the middle term of four years for the burglary, doubled due to the prior strike, plus two five-year enhancements for two prior serious felony convictions.  The court struck the five enhancements for Young's five one-year prior prison terms.

Young timely appealed.

## DISCUSSION

### I.    Mental Health Diversion Is Retroactive

Section 1001.36 authorizes pretrial diversion for defendants with qualifying mental disorders such as schizophrenia, bipolar disorder, and posttraumatic stress disorder.  " '[P]retrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment."  (§ 1001.36, subd. (c).)

A trial court may grant pretrial diversion under section 1001.36 if the court finds:  (1) defendant suffers from a qualifying mental disorder; (2) the mental disorder played a significant role in the commission of the charged offense; (3) a qualified mental health expert must opine that defendant's symptoms will respond to treatment; (4) defendant consents to diversion and waives his or her speedy trial rights; (5) defendant agrees to comply with the

---

[2]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

treatment as a condition of diversion; and (6) defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if he is treated in the community.  (§ 1001.36, subds. (b)(1)(A)–(F).)  Pretrial diversion is not available to defendants charged with murder, voluntary manslaughter, certain enumerated sex offenses, and certain offenses involving the use of weapons of mass destruction.  (§ 1001.36, subds. (b)(2)(A)–(H).)

If the trial court grants pretrial diversion and the defendant performs "satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion."  (§ 1001.36, subd. (e).)

Here, the record reflects Young has a history of mental health issues, including episodes of auditory hallucinations. Young testified he took medication to treat the auditory hallucinations and the probation report submitted to the court reflects Young previously received mental health treatment from the California Department of Corrections and Rehabilitation. Additionally, Young was not charged with any of the disqualifying offenses described above.

Young contends he should be considered for mental health diversion under section 1001.36 because his case is not yet final on appeal.  We previously rejected his position, but the California Supreme Court in *Frahs* held section 1001.36 does, in fact, apply to cases pending on appeal.  (*Frahs, supra,* 9 Cal.5th at p. 640.) Our high court granted review in this case and remanded for reconsideration in light of *Frahs*.  The parties have filed supplemental briefs agreeing that under *Frahs* Young is entitled

5

to "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing" because "the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder (§ 1001.36, subd. (b)(1)(A).)"  (*Frahs, supra,* 9 Cal.5th at p. 640.)

We agree as well.  We will conditionally reverse the judgment and remand for a mental health diversion eligibility hearing pursuant to the instructions we set forth below. "We express no view regarding whether defendant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds him eligible." (*Frahs, supra,* 9 Cal.5th at p. 625.)

## II.     Discretionary Dismissal of The Five-Year Enhancements Is Retroactive

While this case was pending on appeal, the Legislature enacted amendments to sections 1385 and 667, subdivision (a) giving trial courts discretion to dismiss punishment for prior serious felony convictions.  The amendments, which became operative on January 1, 2019, are retroactive to cases not yet final on appeal.  (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972.)  A remand is required in such cases unless the record shows it would not have exercised its discretion to lessen the sentence at the time of sentencing.  (*People v. Johnson* (2019) 32 Cal.App.5th 26, 69.)

The People acknowledge the amendments are retroactive to Young's case, but contend the case should not be remanded because the court "clearly indicated" it would not have struck the prior felony enhancements even if it had the discretion at the

6

time of sentencing. The crux of the People's argument is that the court did not exercise its discretion to impose the low term on the burglary conviction, and only struck one of two of Young's prior strikes. The People also point to the court's comment that there was "no question" that a life term would be warranted in Young's case. We are not convinced.

With respect to the court's comments, the People quote a small portion of a fuller statement that, in proper context, reveals the court was sympathetic to Young. The court began its statement with a caveat that, "[i]f you look at Mr. Young's record, just the cold facts, in my mind there's no question he warrants the life term. He has a number of serious offenses in the past, and once again, he faces another serious conviction." The court then explained that although some might be surprised the court only imposed a determinate 18-year sentence, "I have seen Mr. Young in court. I've listened to him. He has always been respectful at every court appearance. He has expressed remorse." The court commented it was "somewhat of a sad situation because I honestly do feel he is trying, but he always seems to put himself in a position where he's back in court facing significant time . . . [¶] . . . the other reasons why I showed mercy, is that there are these stretches of time where [Mr. Young] doesn't seem to be getting himself in any serious trouble, but he always seems to be somewhat on the edge of falling off and back into trouble." The court also observed that Mr. Young's crimes had decreased in severity since "the very beginning," when he used a weapon and was involved in some serious and violent offenses. The court stated it was impressed with Mr. Young's humility, respect for the court, and desire to change. In other words, the court made clear that while *on paper* Mr. Young's criminal history could

7

justify a more severe sentence, the court believed mercy and leniency were warranted based on a closer analysis of Mr. Young's record and due consideration of his more positive attributes.  We therefore cannot definitively conclude the court would not have fashioned a more lenient sentence, or perhaps have structured the sentence in a different way to maximize parole consideration, if it had had the discretion to do so.

In any event, it is undisputed that the court had no discretion at the time of Young's sentencing and was compelled to impose two five-year enhancements for two prior serious felony convictions.  Neither did the People nor Mr. Young's trial counsel have an opportunity to present arguments related to the amended provisions.  Accordingly, Mr. Young and his counsel did not have a " 'full and fair opportunity to marshal and present the evidence supporting a favorable exercise of discretion.' " (*People v. Rocha* (2019) 32 Cal.App.5th 352, 358, citing *People v. Rodriguez* (1996) 17 Cal.4th 253, 258.)  Thus, we will remand the case for the trial court to conduct a new sentencing hearing to determine whether to exercise its discretion to strike Young's prior felony enhancements.

## DISPOSITION

In accordance with *Frahs*, Young's conviction and sentence are conditionally reversed for a limited remand with the following instructions:

If the trial court finds that defendant suffers from a qualifying mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets all of the statutory criteria set forth in section 1001.36, then the court may grant mental health diversion in accordance with the statutory scheme.

If defendant successfully completes diversion, then the court shall dismiss the charges.

However, if the court determines that defendant does not meet the criteria under section 1001.36, or if defendant does not successfully complete mental health diversion, then his convictions and sentence shall be reinstated. In the event defendant's conviction is reinstated, the trial court shall exercise its discretion whether to strike the five-year enhancements pursuant to section 667, subdivision (a) and shall thereafter prepare and forward a new abstract of judgment to the Department of Corrections and Rehabilitation.


                                          BIGELOW, P. J.
We Concur:


          GRIMES, J.


          STRATTON, J.

9