Filed 1/20/21  P. v. Scott CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B305711 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA433593 |
| KEVIN IBN SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Katherine Mader, Judge. Reversed and remanded with directions.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In October 2019, we affirmed defendant and appellant Kevin Ibn Scott's convictions for murder, attempted premeditated murder, shooting at an occupied vehicle, and possession of a firearm by a felon, but remanded the case to allow the trial court to exercise its discretion whether to strike the firearm enhancements under Penal Code section 12022.53, subdivision (h).[1] On remand, the trial court held a hearing at which it chose not to strike the firearm enhancements. On appeal, Scott argues the trial court erred by denying his request to be present at the hearing. The Attorney General agrees that the trial court erred in this regard, and also notes the case must be remanded for a separate reason: the trial court erred by holding the hearing prior to issuance of the remittitur, at which point it lacked jurisdiction. We agree with the parties. On remand, the court shall hold a hearing to consider whether to exercise its discretion to strike the firearm enhancements under section 12022.53, subdivision (h). Scott shall have the right to assistance of counsel, and unless he chooses to waive it, the right to be present.

# BACKGROUND

A jury found Scott guilty of murder (§ 187, subd. (a); count one), attempted premeditated murder (§§ 664/187, subd. (a); count two), shooting at an occupied vehicle (§ 246; count three), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count four). The jury also found true allegations that, during the

---

[1]     All undesignated statutory references are to the Penal Code.

2

commission of counts one through three, Scott personally and intentionally discharged a firearm, causing great bodily injury or death. (§ 12022.53, subd. (d).) The trial court sentenced him to 75 years to life in state prison, plus an indeterminate life term with a minimum eligible parole period of seven years. The sentence consisted of 25 years to life for the murder, a consecutive term of life with parole eligibility after seven years for the attempted murder, and two consecutive terms of 25 years to life for two of the firearm enhancements. Pursuant to section 654, the court stayed sentencing for shooting at an occupied vehicle, possession of a firearm by a felon, and the third firearm enhancement.

We affirmed Scott's convictions, but remanded the case to allow the trial court to exercise its discretion whether to strike the firearm enhancements under section 12022.53, subdivision (h). Trial counsel requested a continuance to allow Scott to be personally present at the hearing. The trial court denied the request, concluding Scott did not have the right to be present. The court then denied Scott's request to strike the firearm enhancements.

Scott timely appealed.

## DISCUSSION[2]

On appeal, Scott argues the case must be remanded because the trial court erred by denying his request to be present at his resentencing hearing. The Attorney General agrees the trial court erred by denying Scott's request to be present. The

---

2    We omit a recitation of the facts underlying Scott's convictions because they are irrelevant to the issues presented in this appeal.

Attorney General also points out the case must be remanded for an additional reason – the remittitur had not yet issued at the time of the resentencing hearing, and consequently, the trial court did not yet have jurisdiction over the matter when it held that hearing. We agree with both points.

We start by addressing the jurisdictional issue. The trial court held Scott's resentencing hearing on December 20, 2019. The remittitur did not issue until January 6, 2020, after the Supreme Court denied Scott's petition for review. The trial court therefore did not have jurisdiction to hold Scott's resentencing hearing when it did. (*People v. Perez* (1979) 23 Cal.3d 545, 554 ["The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur. [Citations.]") Because the trial court acted without jurisdiction, we remand the case to the trial court to hold a new resentencing hearing once the remittitur in this appeal has issued.

We now turn to the issue of Scott's right to be present at the hearing. We agree with the parties that the trial court erred by denying Scott's request to be present at the initial resentencing hearing. As Justice Collins recently explained, "it is 'manifestly unfair' to permit the trial court to decide how to exercise its new discretion under section 12022.53(h) without affording defendant and his counsel the opportunity to make an argument if they so desire." (*People v. Rocha* (2019) 32 Cal.App.5th 352, 359.) On remand, Scott shall be present at his resentencing hearing assuming he does not waive this right.[3]

---

3      Scott argues the trial court's error in denying his request to be present at his resentencing hearing was structural error. Alternatively, he argues the error was prejudicial under the

## DISPOSITION

The order is reversed. The case is remanded with directions to the trial court to decide, at a hearing at which Scott has the right to be present with counsel, whether it will exercise its discretion to strike the firearm enhancements under section 12022.53(h). If the court elects to strike any of the enhancements, Scott shall be resentenced and the abstract of judgment amended. If the court elects not to strike the enhancements, Scott's original sentence shall remain in effect.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.

We concur:


MANELLA, P.J.


COLLINS, J.

---

standards articulated in *Chapman v. California* (1967) 386 U.S. 18 and *People v. Watson* (1956) 46 Cal.2d 818. The Attorney General agrees the error was prejudicial. Because the trial court held the initial resentencing hearing without jurisdiction, we need not address whether the error in denying Scott's request to be present was prejudicial.