Filed 2/18/21  P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARIANO MARTINEZ,<br><br>    Defendant and Appellant. | G059595<br><br>(Super. Ct. No. 09NF1710)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Mariano Martinez on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on Martinez's behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to an issue that might arguably support an appeal. Counsel raised one issue: whether the ameliorative benefits of Senate Bill No. 620 (S.B. 620) and Penal Code section 12022.53, subdivision (h),[1] are retroactive to cases that were final prior to its passage.

We gave Martinez 30 days to file written argument on his own behalf, and he did. He argues S.B. 620 should apply retroactively to final judgments, the interests of justice required relief, and the trial court's failure to conduct a hearing denied him due process. He also references section 1016.8, which prohibits plea bargains from including a provision requiring a defendant to waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea, but was not included in Martinez's plea agreement.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issue counsel listed and the issues Martinez raised in his supplemental brief. We find no arguable issues on appeal and affirm the judgment.

---

[1] All further statutory references are to the Penal Code.

2

FACTS

Martinez pleaded guilty to attempted murder (§§ 664, subd. (a), 187, subd. (a)), two counts of street terrorism (§ 186.22, subd. (a)), and possession of a deadly weapon (§ 12020, subd. (a)(1)), and admitted he was a gang member who vicariously discharged a firearm (§ 12022.53, subds. (c), (e)(1)). Martinez admitted that "on May 20, 2009, [he] unlawfully and with the intent to kill, attempted to kill John Doe while [he] was an active participant in Chicanos Kicking Ass ('CKA'), a criminal street gang, with the specific intent to benefit, promote . . . in criminal conduct by CKA. During the commission of this attempted murder as an active participant of CKA with the intent to benefit CKA, [he] vicariously discharged a firearm." He further admitted, "On June 17, [section] 12020[, subdivision] (a)(1), in association with and for the benefit of CKA, [he] possessed a deadly weapon . . . ."

Five years later, Martinez filed an in propria persona petition for resentencing asserting he had a right to have the trial court consider whether to strike the firearm enhancement predicated upon the January 1, 2018, passage of S.B. 620. In a minute order, the court denied the petition finding S.B. 620 was not retroactive as to final judgments. Martinez filed a timely notice of appeal.

DISCUSSION

Effective January 1, 2018, S.B. 620 (2017-2018 Reg. Sess.), gave trial courts previously unavailable discretion to strike or dismiss firearm enhancements otherwise required to be imposed by sections 12022.5 and 12022.53. Martinez asserts S.B. 620 was intended to be retroactive. Unfortunately, he does not provide any support for this assertion. He cites *People v. Almanza* (2018) 24 Cal.App.5th 1104, and *People v. McDaniels* (2018) 22 Cal.App.5th 420, but those cases do not help him because unlike Martinez's final judgment, the judgment in those cases were not yet final.

3

"'In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs. [Citation.]' [Citation.] In other words, if there is 'no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said,' and it is not necessary to 'resort to legislative history to determine the statute's true meaning.' [Citation.]" (*People v. Licas* (2007) 41 Cal.4th 362, 367.) The amendment to section 12022.53, subdivision (h), gave trial courts the power to "in the interest of justice pursuant to [s]ection 1385 and *at the time of sentencing*, [to] strike or dismiss an enhancement otherwise required to be imposed by this section." (Italics added.) There is no ambiguity as to when the court has the discretion to strike or dismiss an enhancement.

Martinez argues the trial court may in the interests of justice strike an enhancement. True, but again, authority to strike an enhancement must be done at the time of sentencing. His argument section 1385 authorizes the relief he seeks after a judgment is final is meritless. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Martinez also argues "to ensure proceedings that are just under the circumstances" the defendant and the prosecution must be present to advocate their positions. He claims he was denied due process because he was denied an opportunity to brief his case and appear at a hearing. Martinez cites *People v. Rocha* (2019) 32 Cal.App.5th 352, to support his position. In *Rocha,* after affirming defendant's convictions, the court remanded the case to give the trial court an opportunity to exercise its discretion under section 12022.53, subdivision (h). The court did not hold a hearing, but issued a written statement declining to strike the firearm enhancement. The appellate court reversed and remanded directing the trial court to hold a hearing to consider whether to exercise its discretion. Unlike the defendant in *Rocha* whose judgment was

4

not yet final when it was challenged, Martinez is not statutorily eligible for section 12022.53, subdivision (h), relief. Thus, *Rocha* does not support Martinez's argument.

In *People v. Cole* (2004) 33 Cal.4th 1158, 1231, our Supreme Court confirmed a criminal defendant does not have a constitutional due process right to be present at a particular proceeding unless he finds himself at a stage that is critical to the outcome and his presence would contribute to the fairness of the procedure. Here, because Martinez was not statutorily eligible for the relief he sought, his presence would not contribute to the fairness of the procedure in any way.

Finally, in his supplemental brief, Martinez suggests for the first time a trial court should retroactively apply section 12022.53 "In order for California to comply with the overcrowding prison system." Resolution of Martinez's claim of prison overcrowding requires a fact specific inquiry and cannot be raised for the first time on appeal. (*Sacramentans for Fair Planning v. City of Sacramento* (2019) 37 Cal.App.5th 698, 718.) Accordingly, we decline to address this claim.

DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.