Filed 7/22/21  P. v. Romero CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JULIO JESUS ROMERO, Defendant and Appellant. | F081740 (Kern Super. Ct. No. BF150357A) **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Poochigian, Acting P.J., Smith, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Julio Jesus Romero was convicted of two counts of first degree murder and two counts of attempted murder; he was sentenced to multiple life terms. In his first appeal, this court remanded the matter for the trial court to determine whether it would exercise its discretion to dismiss the terms imposed for the firearm enhancements. The trial court denied the motion, and defendant filed the instant appeal.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[1]

In May 2013, defendant arrived at a party while armed with a .40-caliber handgun. The party hosts tried to eject a group who refused to pay the cover charge, and a fight broke out among a large crowd. Defendant and some associates became involved in the fight. Defendant stepped away from the crowd, waited for his associates to also back away, and then he fired multiple gunshots into the crowd and hit four people. One witness stated that defendant appeared to be selective as he fired and shot people who were fighting with his associates. Defendant left in a waiting vehicle; he was located in Mexico two years later.

As a result of the shooting, two people died from their wounds. The third victim was shot twice in the back and once on his side; he was in the hospital for 11 days, had surgeries on his lungs, diaphragm, and back, and his spleen and part of his pancreas were removed. The fourth victim was shot once in his right armpit; the bullet went through his lung and hit his spine, leaving him paralyzed from the waist down.

---

[1] Defendant has relied on this court's nonpublished opinion in his first appeal for the factual and procedural statements, and that opinion is part of the clerk's transcript in this appeal.

At trial, defendant testified and admitted he was the gunman. He heard about the party through a mass group text message and decided to go. He brought a gun with him because he did not know what to expect. Defendant testified he was punched during an altercation, he punched back, and a group of people attacked him. Defendant testified he was scared for his life and saw someone racking a gun and getting ready to fire. Defendant pulled out his gun and started shooting, and he did not know where he was firing. Defendant ran away to Mexico and was arrested two years later.

## PROCEDURAL BACKGROUND

On July 28, 2015, an information was filed in the Superior Court of Kern County charging defendant with counts 1 and 2, first degree premeditated murder (Pen. Code, §§ 187, subd. (a)), 189);[2] with the multiple murder special circumstance (§ 190.2, subd. (a)(3)), and an enhancement for the personal discharge of a firearm causing death (§ 12022.53, subd. (d)); counts 3 and 5, attempted premeditated murder (§§ 664, 187, subd. (a)), with enhancements for personally discharging a firearm causing death or great bodily injury (§ 12022.53, subd. (d)); and counts 4 and 6, assault with a semiautomatic firearm (§ 245, subd. (b)) with enhancements for personal use of a firearm (§ 12022.5, subd. (a)), and infliction of great bodily injury (§ 12022.7).

On August 17, 2016, after a jury trial, defendant was convicted of all charges, and the special allegations and enhancements were found true.

On October 6, 2016, the court denied the probation and sentenced defendant to life without the possibility of parole for counts 1 and 2; consecutive terms of 15 years to life for counts 3 and 5; and consecutive terms of 25 years to life for the firearm enhancements for counts 1, 2, 3, and 5; it stayed the terms and enhancements imposed for count 4.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

**Senate Bill No. 620**

Senate Bill No. 620 was signed into law in October 2017, and amended sections 12022.5 and 12022.53 to provide the trial court with discretion to dismiss, in furtherance of justice, firearm enhancements found true and imposed pursuant to sections 12022.5, subdivision (c), and 12022.53, subdivision (h).  (2017–2018 Reg. Sess.)  (Stats. 2017–2018, ch. 682, §§ 1, 2.)  The amendments became effective on January 1, 2018, and are retroactive to all nonfinal convictions.  (*People v. McDaniels* (2018) 22 Cal.App5th 420, 424–425.)

**Defendant's first appeal**

In his first appeal, defendant argued the jury's findings that the murders and attempted murders were premeditated were not supported by substantial evidence; raised instructional and ineffective assistance arguments about the self-defense instructions; and argued the matter should be remanded for a new sentencing hearing to permit the court to exercise its discretion and decide whether to strike the firearm enhancements in light of the enactment of Senate Bill No. 620.

On May 30, 2019, this court filed the nonpublished opinion that rejected defendant's substantial evidence and instructional contentions and affirmed his convictions.  However, we held that remand was required for the trial court to determine whether to exercise its discretion and dismiss the firearm enhancements, the amendments resulting from newly enacted Senate Bill No. 620 were applicable to defendant's case since it was not yet final, and there was no clear indication in the record that the trial court would have declined to dismiss the enhancements if it had discretion at the time of the sentencing hearing.

## PROCEEDINGS ON REMAND

The instant appeal was filed based on the proceedings on remand, when the trial court declined to dismiss the firearm enhancements.

**Defendant's motion for resentencing**

On May 27, 2020, defendant filed a motion for resentencing on remand and requested dismissal of the firearm enhancements based on several mitigating circumstances: defendant was 21 years old at the time of the offenses; he was not the first person to draw a gun at the party; his prior offenses were only for misdemeanors; and he struggled in school, did not finish high school, and tried to attend adult school. When he entered state prison, he was screened for mental health issues, referred for further evaluation, and placed in the Clinical Case Management System. Defendant's motion conceded that he incurred rules violations in prison for substance abuse and failure to appear for medical screenings and had been convicted of possession of a controlled substance while incarcerated. Defendant further argued he enrolled in an adult school in prison, where he was reported to have done well.

**The People's opposition**

On August 20, 2020, the People filed a sentencing statement in opposition to dismissing the firearm enhancements. The People argued the court should not dismiss the firearm enhancements because defendant's conduct demonstrated his complete lack of regard for the safety of others and the community, he acted with the intent to kill, two people died, and the other victims were seriously injured and disabled. Defendant fled the scene, showed no remorse, and was hiding in Mexico for two years.

The People further noted that prior to the instant offenses, defendant was convicted of active participation in a criminal street gang in 2010, the offense was reduced to a misdemeanor, he was placed on probation, and he violated probation. In February 2013, he pleaded no contest to possession of a billy club/blackjack, it was reduced to a misdemeanor, and he was sentenced to jail. In March 2013, he pleaded no contest to being drunk in public. He committed the instant offenses in May 2013. After defendant was committed to prison in this case, he pleaded no contest to possession of drugs by a state prison inmate in 2017, and he was sentenced to six years to be served

consecutively to the term he was already serving. In 2019, he was disciplined for fighting with other prisoners; and he was also disciplined for testing positive for drugs and possessing drug paraphernalia.

**The court's ruling**

On August 31, 2020, the court held the hearing on remand, heard the parties' arguments on whether to dismiss the firearm enhancements, and denied the motion. The court acknowledged it had discretion to dismiss the enhancements, and it considered defendant's motion, mitigating arguments, and supporting exhibits. The court recalled the facts surrounding the murders and attempted murders because it presided over defendant's jury trial. The court found defendant's sentence was fair and appropriate based on his conduct in committing the offenses, the murders of two victims, and the grave injuries suffered by the surviving victims. The court stated it would be "meaningless to impose" a lesser sentence because it would "somehow depreciate the seriousness of what happened to each individual victim …."

On August 31, 2020, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 14, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

---

[3] The trial court's denial of a motion to dismiss firearm enhancements is reviewed for an abuse of discretion. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) When the court determines whether to exercise such discretion, it should consider several factors "including the rights of the defendant, the interests of society represented by the People, and individualized considerations pertaining to the defendant and his or her offenses and background. [Citation.]" (*People v. Rocha* (2019) 32 Cal.App.5th 352,

6.

## DISPOSITION

The judgment is affirmed.

---

359.)  The court did not abuse its discretion when it denied defendant's motion in this case.  The court was aware it now had discretion to dismiss the firearm enhancements, it considered defendant's mitigating arguments, it had presided over defendant's jury trial and recalled the facts of the case, and concluded that it would not dismiss the firearm enhancements based on the nature and circumstances of defendant's offenses.