Filed 9/27/21  P. v. Mason CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EARL MASON,<br><br>    Defendant and Appellant. | B309053<br><br>Los Angeles County<br>Super. Ct. No. VA141042 |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017 a jury convicted defendant and appellant Earl Mason of two counts of attempted voluntary manslaughter, shooting at an occupied motor vehicle, and other crimes. We affirmed Mason's conviction in part, reversed it in part, and remanded the case for resentencing. (*People v. Mason* (Aug. 15, 2019, B283892) [nonpub. opn.] (*Mason I*).) Mason appeals from the judgment after resentencing.

## BACKGROUND

Our opinion in Mason's previous appeal sets forth the facts. In summary, deputies were parked near a liquor store on the evening of January 18, 2016. A Lincoln Town Car sped by, then stopped in front of the liquor store. Mason burst out of the driver's side and fired several shots at a white Honda Civic as it drove away. One deputy saw two people—identified only as John Doe and Jane Doe—in the Civic. When Mason turned around and saw the deputies, he ran away, handing the gun to a fellow gang member. Deputies caught him. (*Mason I*.)

Surveillance video showed Mason and another man in gang colors in a confrontation with Jane Doe inside the store. Outside the store, Mason and John Doe began fighting with their fists. Mason got into a car that drove away. John Doe and Jane Doe got into the Civic. Mason then drove up in the Lincoln, the Civic took off, and Mason got out of the Lincoln and started firing at the Civic. Police never found John Doe or Jane Doe. (*Mason I*.)

The People charged Mason with shooting at an occupied motor vehicle (count 1); attempted murder of John Doe and Jane Doe (counts 2 and 3); possession of a firearm by a felon (count 4); and possession of ammunition by a felon (count 5). The People alleged that, in the commission of the attempted murders, Mason personally used a firearm and that he committed all five crimes to benefit a gang. The People also alleged Mason had suffered two prior strikes for robbery.

The jury convicted Mason of attempted voluntary manslaughter of John Doe and Jane Doe as lesser crimes to attempted murder. The jury found Mason guilty on the remaining charges and found the firearm and gang allegations true. Mason admitted his strike priors. The trial court sentenced Mason to 100 years to life in the state prison.

On appeal we concluded the People had not met their burden to prove the gang enhancements because the prosecutor never asked the gang expert about the gang's primary activities. Accordingly, we reversed the true findings on the gang allegations and struck them. We rejected Mason's other challenges to his conviction. We remanded the case to the trial court for resentencing and for correction of Mason's presentence custody credits. We noted the court had discretion to impose concurrent or consecutive sentences on counts 2 and 3, and we directed the court to exercise that discretion. We also stated the court should exercise its discretion on remand to strike—or decline to strike—the firearm and serious prior felony enhancements under legislation enacted after Mason's 2017 sentencing. (*Mason I*.)

Back in the trial court, both the People and defense counsel filed briefs regarding resentencing. The prosecutor listed the circumstances the People believed to be in aggravation and requested a sentence of 86 years to life. Notwithstanding our clear statement in *Mason I* that the court could run the sentences on counts 2 and 3 concurrently, the prosecutor continued to argue those counts "each require[ ] a separate and consecutive sentence" because the crimes were "perpetuated [*sic*] on separate victims."

Mason's counsel asked the court to strike the firearm enhancements and serious felony priors, and to impose concurrent sentences on counts 2 and 3. Noting "no one

3

was hit or harmed in this incident," counsel argued Mason's "target was the male in the car and not the female so concurrent sentences on counts 2 and 3 would be well within the sound discretion of the Court."

At the resentencing hearing on November 10, 2020, the trial court summarized our directions and instructions contained in *Mason I*. The court then detailed Mason's criminal history:

> "Mr. Mason was approximately 40 years old when these crimes occurred. [The] [c]ourt notes that his record starts in 1991 with a sustained petition for [a violation of Penal Code section] 245(a)(1), a violent crime. In 1996 he was convicted of robbery. In 2004 he was convicted of exhibiting a firearm. [In] 2010 he was convicted of felony sales of drugs."

The court mentioned Mason's three misdemeanor convictions for driving under the influence, noting "[e]ven driving under the influence presents danger to the community." The court said Mason's third DUI offense was in 2015 "and then in 2016 the present offense occurred." The court continued, "So he's really never gone any period of life without committing some type of crime. And there's a pattern. . . . So he has been a consistent danger to the community for 20 years."

The court said it remembered the case: "Mr. Mason was the instigator of a physical altercation with one of the victims. He left the scene. When he returned, he proceeded to fire several rounds at the vehicle occupied by individuals before fleeing the scene and handing off the gun to another gang member as well."

The court continued,

> "The gentleman's conduct has been consistent with violence. In this particular instance there seemed to be no reason for the violence. There isn't any reason that would justify it, but sometimes one looks at the violence to see if there was an explanation for it that might mitigate the conduct—you know, mutual combat, something like that that escalates out of control—but there is nothing that the court can see in this case that would mitigate or inure to the benefit of the defendant . . . ."

Accordingly, the court declined to impose concurrent sentences or to strike the firearm and serious felony prior enhancements.

The court then resentenced Mason to consecutive indeterminate terms of 25 years to life on counts 2 and 3, plus 10 years on each count for the personal use of a firearm. On count 4 —felon with a gun—the court chose the upper term of three years and doubled it. The court imposed five years each for the two serious felony priors. The court stayed the sentences on counts 1 and 5. The total sentence thus was a determinate term of 36 years plus two consecutive indeterminate terms of 25 years to life.[1]

---

[1] Even though the trial court noted the gang enhancements had been stricken, the minute order of the November 2020 resentencing erroneously stated the sentences on counts 1 and 5 would remain the same. As imposed and stayed in 2017, the sentences on both of those counts included time for the gang enhancements. In April 2021 appellate counsel sent the trial court a letter asking the court to correct the record. On May 5, 2021, the court did so.

Mason appealed and we appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated he had written to Mason to advise him he was filing a *Wende* brief and Mason had the right to file a supplemental brief. We also sent Mason a letter on June 4, 2021, telling him the same thing. We have not received a supplemental brief from Mason.

## DISCUSSION

Effective January 1, 2018, the Legislature amended Penal Code section 12022.53, subdivision (h),[2] to give trial courts discretion to strike or dismiss section 12022.53 firearm enhancements "in the interest of justice" under section 1385. (Sen. Bill No. 620 (2017-2018 Reg. Sess.); Stats. 2017, ch. 682, § 2.) Effective January 1, 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) allowed trial courts to dismiss a serious felony enhancement in furtherance of justice. (*People v. Stamps* (2020) 9 Cal.5th 685, 693.) When exercising its discretion, a trial court considers such factors as the defendant's rights, society's interests, and individualized considerations pertaining to the defendant and his offenses and background. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 359.)

We review the denial of a motion to dismiss under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*Id*. at pp. 376-377.) The party attacking the sentence has the burden to make such a showing; otherwise, the trial court is presumed to have acted to achieve

---

[2]    References to statutes are to the Penal Code.

6

legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review. (*Ibid*.)

In declining to strike Mason's firearm enhancements and serious felony priors, the trial court here considered appropriate factors. The court recited Mason's criminal history, noting his 2004 conviction also involved a firearm. As for the facts of his January 2016 crimes, the court observed Mason instigated the physical altercation with John Doe, then left, then returned and "proceeded to fire several rounds" at the victims' car. As we noted in *Mason I*, after driving off, Mason returned: "With tires squealing, Mason sped back to the liquor store, got out of the Town Car, and fired at least two and as many as four shots at the Civic" as the victims drove away. (*Mason I*.) We see no abuse of discretion. (See, e.g., *People v. Brooks* (2020) 53 Cal.App.5th 919, 922 [no abuse of discretion in trial court's denial of motion to strike serious felony enhancements]; *People v. Shaw* (2020) 56 Cal.App.5th 582, 584-585, 588 [same].)

Finally, we find no abuse of discretion in the trial court's decision to sentence Mason to consecutive rather than concurrent terms for the attempted voluntary manslaughter counts. Absent a clear showing that a sentencing decision was arbitrary or irrational, we presume a trial court acted to achieve legitimate sentencing objectives; accordingly, on review we should not set aside its discretionary determination to impose consecutive sentences. (*People v Reneaux* (2020) 50 Cal.App.5th 852, 874. See *People v. Leon* (2010) 181 Cal.App.4th 452, 467-468 [no abuse of discretion in imposing consecutive life terms for murder and attempted murder arising from defendant's single act of shooting at car occupied by both victims].)

We are satisfied that Mason's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm Earl Mason's sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

HILL, J.*

---

* Judge of the Santa Barbara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.