Filed 11/17/21  P. v. Hurtado CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA MARCELLO HURTADO,<br><br>    Defendant and Appellant. | F081639<br><br>(Super. Ct. No. F15906007)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Moran Law Firm, Amanda K. Moran and Janay D. Kinder for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Peña, J. and De Santos, J.

## INTRODUCTION

In defendant Joshua Marcello Hurtado's prior appeal, we remanded for the trial court to consider whether to exercise its discretion to strike or dismiss firearm enhancements imposed on counts 1 through 3 (Pen. Code,[1] § 12022.53, subd. (b), counts 1 & 2; § 12022.5, subd. (a), count 3), and to strike a prior prison term enhancement (§ 667.5, former subd. (b)). On remand, the court did not hold a hearing, but instead issued a minute order in which it declined to strike the firearm enhancement to count 1.

In this second appeal, defendant contends the trial court erred in failing to hold a resentencing hearing at which defendant had the right to be present with counsel. The People concede error. We accept the People's concession and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2015, defendant went with two codefendants to the home of an acquaintance, held the acquaintance at gunpoint and took various items, drove the acquaintance away in the acquaintance's car and, before the acquaintance's eventual escape, told the acquaintance not to say anything or he would face consequences. On June 22, 2017, a jury convicted defendant of kidnapping to commit a robbery (§ 209, subd. (b)(1); count 1), kidnapping to commit a carjacking (§ 209.5, subd. (a); count 2), and criminal threats (§ 422; count 3), and found true a firearm enhancement as to each count (§ 12022.53, subd. (b), counts 1 & 2; § 12022.5, subd. (a), count 3). Defendant later admitted a prior prison term enhancement. (§ 667.5, former subd. (b).) On April 13, 2018, the court sentenced defendant on count 1 to a term of life with the possibility of parole, plus 10 years for the firearm enhancement and one year for the prior prison term enhancement. Sentence on count 2, including firearm and prior prison term enhancements, was stayed pursuant to section 654. On count 3, the court sentenced

---

[1] Undesignated statutory references are to the Penal Code.

defendant to a concurrent term of three years; sentence on the associated firearm enhancement was stayed pursuant to section 12022.53, subdivision (f). (*People v. Hurtado* (May 13, 2020, F077363) [nonpub. opn.] (*Hurtado*).)

On May 13, 2020, this court issued its opinion in defendant's direct appeal. Therein, we affirmed the judgment, but remanded for the trial court to consider whether to exercise its discretion to strike or dismiss the firearm enhancements imposed pursuant to sections 12022.5 and 12022.53 pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1, 2). We also directed the court to strike the prior prison term enhancements under Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1). (*Hurtado*, *supra*, F077363.)

On August 6, 2020, the trial court issued a minute order for "Chambers Work," which stated: "The Court considered it's [*sic*] discretion to strike the [section 12022.53, subdivision (b)] enhancement . . . as to count 001, and denied the request." The minute order did not address the firearm enhancements imposed on counts 2 and 3.[2]

This timely appeal followed.

## DISCUSSION

The trial court did not hold a hearing on remand before issuing a minute order in which it declined to strike the firearm enhancement to count 1. The People concede defendant was entitled to a resentencing hearing at which he had the right to be present with counsel. We accept the People's concession. (See *People v. Rocha* (2019) 32 Cal.App.5th 352, 359-360 [a hearing with the presence of the defendant is required, unless waived, when court considers whether to strike or dismiss a firearm enhancement pursuant to Sen. Bill No. 620 (2017-2018 Reg. Sess.)]; accord, *People v. Rodriguez* (1998) 17 Cal.4th 253, 260 [a hearing with the presence of the defendant is required

---

[2] Furthermore, the record on appeal does not contain an amended abstract of judgment reflecting that the prior prison term enhancements were stricken as directed in this court's prior opinion.

when the court considers whether to strike prior felony conviction allegations pursuant to § 1385].)

We also accept the People's concession that the failure to hold a hearing was not harmless. We acknowledge the parties had an opportunity at defendant's initial sentencing to brief and argue the issue of whether the court should strike or dismiss the firearm enhancements. However, we previously held the record suggested the trial court did not, at that time, understand the scope of its discretionary sentencing authority, and we could not conclude that a remand would be futile. (*Hurtado*, *supra*, F077363.) Likewise, we cannot now conclude that the presence of defendant and his counsel at a hearing on the issue of whether to strike or dismiss the enhancements would not have affected the outcome. (See *People v. Rocha*, *supra*, 32 Cal.App.5th at p. 360.) Accordingly, we will reverse the court's order and remand for further proceedings.

## DISPOSITION

The order is reversed. The case is remanded with directions to the trial court to decide, at a hearing at which defendant has the right to be present with counsel, whether it will exercise its discretion to strike the firearm enhancements to counts 1, 2, and 3 under sections 12022.5, subdivision (c) and 12022.53, subdivision (h). To the extent the court has yet to strike the prior serious felony enhancements (§ 667.5, former subd. (b)), it is once again directed to do so, and to send a certified copy of the amended abstract of judgment to the appropriate authorities.