Filed 12/21/21  P. v. Manning CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARION LAMAR MANNING,<br><br>    Defendant and Appellant. | G060297<br><br>(Super. Ct. No. 18WF2522)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheryl L. Leininger, Judge. Sentence vacated and matter remanded with directions.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Darion Lamar Manning, pursuant to a negotiated agreement, pleaded guilty to two counts of second degree robbery, admitted an enhancement allegation for being armed with a firearm when he committed the robberies, and admitted a prior conviction for robbery. He was sentenced to the agreed-upon term of 13 years. The trial court, upon receiving a notice of sentencing error from the California Department of Corrections and Rehabilitation (the CDCR), resentenced Manning to a term of 12 years four months.

In this appeal, Manning argues his sentence must be vacated because he was denied his constitutional right to be present at the resentencing hearing. The Attorney General concedes this issue. The Attorney General argues, however, that the sentence imposed was legally unauthorized because the trial court did not impose the full base term on both counts. We agree. We shall vacate the sentence and remand with directions for resentencing that are explained in the disposition.

## BACKGROUND

In June 2020, Manning pleaded guilty to two counts (counts 1 and 2) of second degree robbery. (Pen. Code, §§ 211, 212.5, subd. (c)).  (Further code references are to the Penal Code.) For each count, Manning admitted allegations that he was armed with a firearm when he committed the robberies. (§ 12022, subd. (a)(1).)  He also admitted allegations that he had suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)). The parties agreed to a stipulated sentence of 13 years in prison, to be served concurrently with a sentence Manning was serving that had been imposed in Los Angeles County Superior Court case No. BA462093-02 (the Los Angeles case).

At the sentencing hearing, the trial court calculated the 13-year sentence as follows: (1) upper term of five years on count one, plus one year for the firearm enhancement alleged under section 12022, subdivision (a)(1); (2) one third the midterm of three years (one year) on count two, plus one year for the firearm enhancement alleged

under section 12022, subdivision. (a)(1); and (3) five years for the prior serious felony conviction (§ 667, subd. (a)(1)). The sentences on each count were to run consecutively. Manning was given credit for a total of 255 days pretrial custody credit. At the sentencing hearing, the trial court ordered Manning's 13-year sentence to run concurrently with the sentence he was serving that had been imposed in the Los Angeles case. The court minutes, however, state the 13-year sentence was to be consecutive to the term imposed in that case.

In January 2021, the CDCR notified the trial court that calculation of the sentence on count 2 was in error: "Pursuant to PC1170.1, the subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for specific enhancements applicable to those subordinate offenses. The term for PC 12022(a)(1) is 1 year; therefore, one third the middle term is **4 months**." The notice from the CDCR states: "When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices."

In response to the notice from the CDCR, the trial court conducted a resentencing hearing in March 2021. At the hearing, defense counsel informed the court that Manning was not in attendance and requested a continuance to allow him to be present. The court denied counsel's request on the ground Manning did not have a right to be present because the court was just correcting a sentencing error and the sentence would be less than the original sentence. Defense counsel again objected. Counsel told the court that he did not have Manning's permission to appear and that Manning neither had been given notice of the hearing nor made aware the court was correcting his sentence. Defense counsel argued that resentencing was required, and, therefore, proceeding in Manning's absence constituted a due process violation. The court disagreed.

3

The trial court reduced Manning's total sentence from 13 years to 12 years four months. The court explained that sentences on both count two and the enhancement to count two were subordinate terms and, therefore, the court had erred by imposing the enhancement as a full term instead of one-third the midterm. The court stated that the sentence in all other regards remained the same.

At the resentencing hearing, defense counsel informed the court that the minute order incorrectly stated that Manning's sentence in the present case was to run consecutively, rather than concurrently, with the sentence imposed in the Los Angeles case. The court found the minute order had a clerical error and ordered that order corrected to reflect that the sentence was to run concurrently with the sentence imposed in the Los Angeles case.

## DISCUSSION

### I. *Manning Was Denied His Constitutional Right to Be Present at Resentencing*

Manning argues he was denied his constitutional right to be present at the resentencing hearing. The Attorney General agrees. So do we. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; §§ 977, subd. (b), 1043, subd. (a); *People v. Cunningham* (2015) 61 Cal.4th 609, 633; *People v. Doolin* (2009) 45 Cal.4th 390, 453 [sentencing is a critical stage]; *People v. Rodriguez* (1998) 17 Cal.4th 253, 257 [resentencing hearings should be conducted in the presence of defendant]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 [resentencing is a critical stage when court has discretion to reconsider the entire sentence on remand]; *People v. Rocha* (2019) 32 Cal.App.5th 352, 356-357.) Manning did not waive his right to be present at the resentencing hearing.

### II. *The Sentence Imposed Is Legally Unauthorized*

The trial court sentenced Manning in accordance with section 1170.1, subdivision (a), which provides that when a person is convicted of two or more felonies,

"whether in the same proceeding or court or in different proceedings or courts," the principal term is the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for enhancements. (*Ibid.*) Under section 1170.1, subdivision (a), "[t]he subordinate term for each *consecutive* offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a *consecutive* term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (Italics added.)

But the sentence in the present case was ordered to run *concurrently* with the sentence imposed in the Los Angeles case. A concurrent sentence is calculated by using the full base term: "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third midterm formula, even though they are served at the same time." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3.) A concurrent term imposed according to the one-third of the midterm formula is an unauthorized sentence and is subject to correction on review. (*Ibid.*)

The trial court did not sentence Manning to the full base term on both counts. On count 2, the court used the one-third the midterm formula. In a letter to this court, Manning's appellate counsel acknowledged that a full base term should have been imposed on count 2. Manning's sentence was therefore unauthorized by law and is "reviewable 'regardless of whether an objection or argument was raised in the trial and or reviewing court.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887; see *People v. Maharaj* (2012) 204 Cal.App.4th 641, 648.)

A trial court cannot give effect to a sentence agreed-upon as part of plea negotiation if the sentence is not authorized by law. (*People v. Jackson* (1981) 121 Cal.App.3d 862, 869.) "If for any reason the court cannot effectuate the terms of a plea bargain, it must permit the defendant to withdraw his guilty plea." (*Ibid.*) "Even if a

defendant, the prosecutor and the court agree on a sentence, the court cannot give effect to it if it is not authorized by law." (*Ibid.*)

We shall therefore vacate the sentence and remand to the trial court to resentence Manning in accordance with the directions set out in the disposition.

## DISPOSITION

Manning's sentence is vacated and the matter is remanded. The trial court is directed to resentence Manning, if possible, to a legally authorized sentence in accordance with this opinion. If the plea agreement is not structured in a way that permits a legally authorized sentence, then the parties should be given the opportunity to restructure the plea agreement. If no plea agreement can be reached, then Manning should be permitted to withdraw his guilty plea.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.