Filed 2/19/19 Opinion on remand from Supreme Court

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B290779 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.BA409258) |
| v. | |
| ARMANDO ROCHA, | |
| Defendant and Appellant. | |

APPEAL on remand from the Supreme Court. Robert J. Perry, Judge. Reversed and remanded with directions.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie A. Miyoshi and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

We affirmed defendant Armando Rocha's conviction for first degree murder in September 2017. On remand from the Supreme Court, we reconsidered our decision in light of then-recently enacted Senate Bill 620 (Stats. 2017, ch. 682, § 2), which amended Penal Code section 12022.53, subdivision (h) (section 12022.53(h))[1] to give the trial court discretion to strike or dismiss firearm enhancements imposed under section 12022.53. We affirmed defendant's convictions and remanded his case to give the trial court an opportunity to exercise its discretion under section 12022.53(h). Without holding a hearing, the trial court issued a written statement declining to strike the firearm enhancement.

In this appeal, defendant contends that he should have been given the opportunity to be present with counsel at a hearing on remand. In a supplemental brief, he further contends that the matter should be remanded to give the trial court an opportunity to exercise its discretion to dismiss his five-year prior serious felony enhancement under recent revisions to sections 667 and 1385.

We agree with defendant on both points and therefore reverse the order. On remand, the court shall hold a hearing to consider whether to exercise its discretion to strike the firearm enhancement under section 12022.53(h) and the prior serious felony enhancement under sections 667 and 1385. Defendant shall have the right to assistance of counsel, and, unless he chooses to waive it, the right to be present.

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found true a gang enhancement (§ 186.22, subd.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

(b)) and a firearm use enhancement (§ 12022.53, subds. (d) & (e)). The trial court found true a prior serious felony allegation (§ 667, subd. (a)(1)) and a strike allegation (§§ 667, subds. (b)-(j), 1170.12). The trial court sentenced defendant to 80 years to life in prison, consisting of 25 years to life for the murder conviction, doubled due to the strike, 25 years to life for the firearm use enhancement, and five years for the prior serious felony.

We affirmed defendant's conviction. He timely filed a petition for review in the Supreme Court, and subsequently filed a supplemental petition based on the newly enacted amendment to section 12022.53(h), which took effect on January 1, 2018 and gave trial courts the discretion to strike firearm enhancements imposed under section 12022.53. The Supreme Court granted defendant's supplemental petition and transferred the matter to us with directions to vacate our decision and reconsider the matter in light of the new law.

On reconsideration, we again affirmed defendant's conviction. We remanded the matter to the trial court "for the trial court to exercise its discretion under section 12022.53, subdivision (h)."

On remand, the court called the case "for hearing on remittitur." The prosecutor was not present, nor were defendant or defense counsel. The court issued a written statement entitled "Trial Court's Statement of Discretion Resulting in No Change to Defendant's Sentence." In that statement, the court stated that it "has considered the matter and declines to exercise its discretion and strike the 12022.53 allegation." After summarizing the facts of the case and noting defendant's strike conviction and lengthy sentence, the court reiterated its decision not to exercise its discretion by striking the enhancement. The court stated that

defendant's "sentence remains unchanged," and added, "Further hearing in this matter is not required."

Defendant timely appealed.

## DISCUSSION

Defendant argues that he had a constitutional right to be present with counsel when the court exercised its discretion on remand. The People disagree. They argue that the proceeding was not a "critical stage" in the criminal prosecution, and "did not bear a reasonable and substantial relation to [defendant's] full opportunity to defend against the charges."

Both positions are grounded in the state and federal constitutions and state statutory law. "A criminal defendant is guaranteed the right to the assistance of counsel by the Sixth Amendment to the United States constitution and article I, section 15 of the California Constitution." (*People v. Doolin* (2009) 45 Cal.4th 390, 417.) This constitutional right to counsel exists "at all critical stages of a criminal prosecution, including sentencing." (*Id.* at p. 453; see also *People v. Rodriguez* (1998) 17 Cal.4th 253, 257 (*Rodriguez*).) Both constitutions similarly afford a defendant the right to be present at all critical stages of a criminal prosecution. (*People v. Willen* (2008) 165 Cal.App.4th 270, 286.) Likewise, section 977 requires that a defendant charged with a felony "shall be present . . . at the time of the imposition of sentence," in addition to "all other proceedings unless or she shall, with leave of court, execute in open court, a written waiver of his or right to be personally present. . . ." (§ 977, subd. (b)(1); see also § 1043, subd. (a); § 1193, subd. (a).) Notwithstanding these provisions, a defendant does not have the right to be present at every hearing held in the course of the trial; the touchstone is whether the proceeding in question bears a

4

reasonable and substantial relationship to his or her full opportunity to defend against the charges. (*People v. Wallace* (2008) 44 Cal.4th 1032, 1052; *Rodriguez*, *supra*, 17 Cal.4th at p. 260.)

We need not determine which party has the better constitutional argument. "Our jurisprudence directs that we avoid resolving constitutional questions if the issue may be resolved on narrower grounds." (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1102.) Here, the issues may be resolved on narrower statutory grounds, as evidenced in *Rodriguez*, *supra*, 17 Cal.4th 253.

*Rodriguez* presented an issue very similar to that here. After the Supreme Court held in *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 that a trial court had the discretion to strike allegations of prior strike convictions, the question arose as to the process due to the "narrow class of defendants whose sentencing courts . . . believed. . . that they lacked discretion to strike prior felony conviction allegations under the 'Three Strikes' law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and whose appeals [we]re not yet final." (*Rodriguez*, *supra*, 17 Cal.4th at p. 255, footnote omitted.) Specifically, the *Rodriguez* Court considered "whether, on remand, the court should exercise its discretion in the presence of defendant and his counsel." (*Ibid.*)

The *Rodriguez* Court began and ended its analysis with section 1260. That provision "sets out the permissible dispositions of a cause on appeal" and "permits the reviewing court to 'remand the cause to the trial court for such further proceedings as may be just under the circumstances.'"[2]

---

[2]Section 1260 provides in full: "The court may reverse,

5

(*Rodriguez, supra*, 17 Cal.4th at p. 258.)  The Court explained that the dispositive inquiry under that statute is whether it is "'just under the circumstances' to require the presence of defendant and his [or her] counsel on remand, at the first occasion on which the trial judge will consider whether to exercise his [or her] sentencing discretion in defendant's favor?" (*Ibid.*)  If the answer is yes, then a hearing and counsel are required; if the answer is no, then the court may rule without a defendant and counsel present.

The *Rodriguez* Court rejected the People's contentions that answering the question affirmatively in the context of a remand for resentencing under *Romero* would be "superfluous" and "inefficient." (*Rodriguez, supra*, 17 Cal.4th at pp. 258-259.)  The Court explained, "The evidence and arguments that might be presented on remand cannot justly be considered 'superfluous' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the evidence supporting a favorable exercise of discretion." (*Id.* at p. 258.)  It further deemed "reasonable" the defendant's observation that "'[i]t would have been a waste of the court's time for [defendant] to have attempted to present evidence which might convince the court to strike a "strike" at a time when the court believed it had no discretion to do so.'" (*Ibid.*)  The Court found that it would not be inefficient to require hearings and counsel in *Romero*

---

affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offence or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."

6

resentencings because trial courts were unaware of their discretion to strike strikes until *Romero* was decided, and nothing in the record before it "exclude[d] the possibility the judge might have exercised his discretion in defendant's favor." (*Id.* at p. 259.) It also emphasized that requiring a hearing and counsel would place defendants whose cases were remanded on the same footing as defendants sentenced after *Romero*, who have the opportunity to make *Romero* arguments at their sentencing hearings, at which they have the right to be present with counsel. "To require defendant's presence on remand in this case merely affords him the same opportunity to invoke *Romero* . . . as is enjoyed by all defendants sentenced after that decision." (*Id.* at pp. 259-260.)

The Court then returned to section 1260: "Our power to order a limited remand, as mentioned, includes the authority to direct the trial court to conduct '*such further proceedings as may be just under the circumstances*.' [Citation.] Because to permit the trial court to decide how to exercise its discretion under section 1385 without affording defendant and his counsel an opportunity to address the subject would be manifestly unfair, section 1260 provides sufficient authority to require defendant's presence on remand." (*Rodriguez, supra*, 17 Cal.4th at p. 260.) The Court thus located the right to counsel and presence in section 1260, not the state or federal constitution. (See *ibid.*)

*Rodriguez* is indistinguishable from the present case. Defendant is within a "narrow class of defendants whose sentencing courts . . . believed . . . they lacked discretion to strike" section 12022.53 firearm enhancements and "whose appeals are not yet final." (*Rodriguez, supra*, 17 Cal.4th at p. 255.) Unlike similarly situated defendants sentenced after the

7

amendments to section 12022.53(h) took effect, he did not have the opportunity at his sentencing hearing to argue that the firearm enhancement should be stricken. The amendments to section 12022.53(h) also rest upon section 1385, the same animating authority underlying *Romero*. Thus the court is required to weigh similar considerations when exercising its discretion, including the rights of the defendant, the interests of society represented by the People, and individualized considerations pertaining to the defendant and his or her offenses and background. (*Romero*, *supra*, 13 Cal.4th at p. 531.) Defendant and his counsel, as well as the People, are likely to have information on these factors that may guide the court in its exercise of discretion.

The *Rodriguez* Court held that it was "manifestly unfair" to permit the trial court to decide how to exercise its post-*Romero* discretion without input from defendants and their counsel. We arrive at the same conclusion and hold that it is "manifestly unfair" to permit the trial court to decide how to exercise its new discretion under section 12022.53(h) without affording defendant and his counsel the opportunity to make an argument if they so desire.

The *Rodriguez* Court eliminated the unfairness by remanding the matter to the trial court for "a hearing in the presence of defendant, his counsel, and the People to determine whether to dismiss one or more prior felony conviction findings pursuant to section 1385." (*Rodriguez*, *supra*, 17 Cal.4th at p. 260.) It did not consider whether the error should be reviewed under *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*) or *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*). (See generally *id*.) Defendant argues that reversal and remand is

8

necessary under any standard, while the People assert that the stringent *Chapman* standard applies, but that reversal is not required because any error was harmless beyond a reasonable doubt.

We follow the *Rodriguez* Court and conclude that remand is necessary. Even under the *Watson* standard, which applies to errors of state law, reversal is required if it is reasonably probable that the defendant would have obtained a more favorable result absent the error. (*Watson*, *supra*, 46 Cal.2d at p. 836.) That standard is met here: it is reasonably probable that input from defendant and his counsel would lead to a more favorable exercise of the court's discretion. As defendant points out in his opening brief, he was not given the opportunity "to emphasize mitigating evidence that weighed in favor of leniency." Indeed, the trial court rested its decision primarily on the facts of the underlying crime and did not consider other factors defendant and his counsel may have been able to bring to its attention. A remand is necessary to ensure proceedings that are just under the circumstances, namely, a hearing at which both the People and defendant may be present and advocate for their positions.

Defendant argues that such a hearing should also include an opportunity for the trial court to exercise its discretion under sections 667 and 1385, which were recently amended by Senate Bill 1393 (Stats. 2018, ch. 1013) to give the trial court discretion to strike or dismiss five-year prior conviction enhancements. The People concede that the new law applies to defendant "[b]ecause Senate Bill 1393 went into effect and [defendant's] judgment is not yet final." They contend, however, that "review of the claim is barred because it is beyond the scope of the limited remand" we previously ordered in this case, and is "unwarranted" because the

9

trial court's refusal to exercise its discretion under section 12022.53(h) in defendant's favor demonstrates that it would not strike the prior conviction enhancement.

We agree with defendant that the trial court should consider whether to strike the prior conviction enhancement at the remand hearing. As the People concede, the law applies to defendant.  (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 972-973.)  The trial court's order sheds no light on how it might rule on this issue, and neither the People nor defendant had an opportunity to present arguments relating to the amended provisions.  The scope of our previous remand does not restrict our authority under section 1260 to remand for proceedings on this newly enacted law.  In the interest of judicial economy, defendant should be permitted to raise the issue at the remand hearing.  We express no opinion as to how the trial court should exercise its discretion on either enhancement.

## DISPOSITION

The order is reversed.  The case is remanded with directions to the trial court to decide, at a hearing at which defendant has the right to be present with counsel, whether it will exercise its discretion to strike the firearm enhancement under section 12022.53(h) and/or the prior conviction enhancement under section 667, subdivision (a).  If the court elects to strike either or both of the enhancements, defendant shall be resentenced and the abstract of judgment amended.  If the trial court elects not to strike either enhancement, defendant's original sentence shall remain in effect.

10

**CERTIFIED FOR PUBLICATION**


COLLINS, J.


We concur:


MANELLA, P. J.


CURREY, J.