Filed 9/2/20  P. v. Tuggle CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARKYSE TUGGLE,<br><br>    Defendant and Appellant. | B301311<br><br>(Los Angeles County<br>Super. Ct. No. BA445259) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael Schultz, Judge.  Reversed and remanded with directions.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Markyse Tuggle (defendant) appeals from the judgment entered on remand after the sentencing court declined to exercise discretion to strike the five-year recidivist enhancement under the 2019 amendments to Penal Code sections 667 and 1385.[1]  We reverse the judgment and order the court to schedule a hearing at which defendant may be present with counsel.

## BACKGROUND

In 2017 defendant was convicted of assault with a firearm and attempted kidnapping.  The trial court sentenced defendant to a total of 14 years in prison, comprised of four years for the assault with a firearm, doubled as a second strike, plus one five-year recidivist enhancement and a one-year firearm enhancement imposed under section 12022, subdivision (a)(1).  The court imposed the upper term of four years as to the attempted kidnapping, doubled the term as a second strike, and stayed the sentence pursuant to section 654.  Defendant appealed, and in a nonpublished opinion we struck the firearm enhancement and modified custody credits, but otherwise affirmed the judgment.  (See *People v. Tuggle* (March 27, 2019, B282497).)

Effective January 1, 2019, sections 667, subdivision (a)(1), and 1385, subdivision (b), were amended to give trial courts discretion to strike sentencing enhancements for prior serious felony convictions in the interest of justice.  This discretion was not available when defendant was sentenced.  (See Stats. 2018, ch. 1013, §§ 1 & 2.)  The amendments applied retroactively to all cases in which judgment was not yet final on January 1, 2019.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

(*People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)  As defendant's judgment was not final when his appeal was before this court, we remanded the matter to the trial court to exercise its discretion whether or not to strike the five-year enhancement imposed under section 667, subdivision (a)(1).

On July 18, 2019, following the issuance of the remittitur, the trial court called the matter for "judicial action" in the absence of defendant and counsel.  The court issued a minute order stating as relevant here that "the court declines to exercise its discretion in defendant's favor and declines to strike or dismiss the . . . five year enhancement imposed under Penal Code section 667, subdivision (a) . . . against defendant Tuggle."  Defendant filed a timely notice of appeal from the judgment.

Defendant contends that the trial court erred in making its ruling without affording defendant a hearing at which he was given the opportunity to be present with counsel and to advocate for his position.  Respondent agrees that "to permit the trial court to decide how to exercise its discretion under section 1385 without affording defendant and his counsel an opportunity to address the subject would be manifestly unfair."  (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260 [upon remand to consider striking a prior conviction].)  The same considerations of fairness apply on remand to the sentencing court to determine whether to exercise newly granted discretion to strike or dismiss an enhancement.  (*People v. Rocha* (2019) 32 Cal.App.5th 352, 356-359.)  A defendant whose matter has been remanded for retroactive application of such amended statutes as sections 12022.53 and 1385, as well as section 667, must be given the same opportunity to be present with counsel as those who were sentenced under the new law in the first instance.  (*Rocha*, at pp.

358-360.)  We thus remand for the sentencing court to hold a hearing at which defendant may be present with counsel to advocate for his position.[2]

## DISPOSITION

The judgment is reversed and remanded with directions to the trial court to decide, at a hearing at which defendant has the right to be present with counsel, whether it will exercise its discretion and strike the five-year enhancement of section 667, subdivision (a).  If the court decides to strike the enhancement, defendant shall be resentenced and the abstract of judgment amended accordingly.  If the court decides not to strike the enhancement, the original sentence shall remain in effect.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

---

[2]     Defendant may waive his appearance.  (See *People v. Rocha, supra,* 32 Cal.App.5th at p. 357; § 977, subd. (b)(1); § 1193, subd. (a).)

4