Filed 10/28/20  P. v. Johnson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090656 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE014655) |
| v. | |
| JACKIE EDWARD JOHNSON, | |
| Defendant and Appellant. | |

This is the second appeal filed by defendant Jackie Edward Johnson after a jury found him guilty of several offenses arising out of a physical altercation with his girlfriend.  In the first appeal, we affirmed the judgment but remanded the matter for the trial court to consider whether to exercise its newly established discretion to strike or

dismiss the five-year prior serious felony enhancement (Pen. Code, § 667, subd. (a))[1] under Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2).  In this appeal, defendant contends the trial court erred in refusing to strike or dismiss the five-year enhancement.  He also contends, and the People concede, that the one-year prior prison term enhancement (§ 667.5, subd. (b)) must be stricken under the recently enacted Senate Bill No. 136 (Stats. 2019, ch. 590, § 1.)

We find no sentencing error and agree with the parties that defendant's one-year prior prison term enhancement must be stricken under Senate Bill No. 136.  Therefore, we will modify the judgment by striking the one-year enhancement and remand the matter for resentencing.  As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

In defendant's first appeal, we provided a detailed recitation of the underlying facts.  In view of the limited issues raised on appeal, we only provide a brief summary of the facts, which are taken from our prior opinion in *People v. Johnson* (Feb. 26, 2019, C085283) [nonpub. opn.] (*Johnson I*).[2]  In May 2016, defendant was in an argument and physical fight with his girlfriend J.H.  During that argument, she picked up their three-month-old son.  Thereafter, defendant repeatedly punched J.H. while she was holding the baby.  He also tried to grab the baby.  The fight continued until defendant and J.H. noticed that the baby was losing consciousness; his eyes were fluttering, and he was no longer responsive.  The baby's eyes rolled back in his head and when J.H. tried to feed him, he vomited.  Defendant and J.H. failed to timely seek medical care for their injured son and he sustained irreversible brain damage.

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  As requested by the parties, we take judicial notice of our prior opinion on our own motion.  (Evid. Code, § 452, subd. (d).)

2

*Procedural Background*

As set forth in our prior opinion (*Johnson I*, *supra*, at pp. *1-*2), a jury found defendant guilty of two counts of felony child endangerment (§ 273a, subd. (a)) and corporal injury on a cohabitant (§ 273.5, subd. (a)). The jury also found true the allegation of personal infliction of great bodily injury on the first count of child endangerment. (§ 122022.7, subd. (d).) In a bifurcated proceeding, the trial court found true the allegations that defendant had a prior serious felony conviction (§§ 667, subd. (a), (b)-(i), 1170.12) and had served a prior prison term (§ 667.5, subd. (b)). The court sentenced him to an aggregate prison term of 25 years and eight months. He timely appealed.

In an unpublished opinion issued in February 2019 (*Johnson I, supra*, at p. *30), we remanded the matter for the limited purpose of allowing the trial court to consider whether to exercise its newly established discretion to strike or dismiss the five-year prior serious felony enhancement (§ 667, subd. (a)) under Senate Bill No. 1393.[3] In all other respects, we affirmed the judgment.

In October 2019, after supplemental briefing was requested on the constitutionality of Senate Bill No. 1393, the trial court affirmed an earlier ruling it had

---

[3] On September 30, 2018, the Governor signed Senate Bill No. 1393 which, effective January 1, 2019, amended sections 667, subdivision (a) and 1385, subdivision (b) to allow a trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.) Under the now former versions of these statutes, the trial court was required to impose a five-year consecutive term for "any person convicted of a serious felony who previously has been convicted of a serious felony" (former § 667, subd. (a)), and the court had no discretion "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (former § 1385, subd. (b).) In *Johnson I, supra*, at pp. *26-*30), we determined that defendant was retroactively entitled to the benefit of the statutory amendments to sections 667, subdivision (a) and 1385, subdivision (b) that went into effect while his first appeal was pending.

issued in August, holding Senate Bill No. 1393 unconstitutional. However, the court further ruled that, even if Senate Bill No. 1393 were constitutional, the court would not exercise its newly established discretion to strike or dismiss the five-year prior serious felony enhancement. Thereafter, the court imposed the same sentence it had imposed at the original sentencing hearing. This timely appeal followed.

## DISCUSSION

### I

### *Senate Bill No. 1393*

Defendant contends, and the People agree, that the trial court erred in concluding that Senate Bill No. 1393 is unconstitutional. Defendant further contends that the trial court abused its discretion in refusing to strike or dismiss the five-year prior serious felony enhancement§ . Because we find no abuse of discretion in the refusal to strike or dismiss the five-year enhancement, we need not and do not, address the constitutional question[4] or the parties' arguments related to whether the court's actions in finding Senate Bill No. 1393 unconstitutional were unauthorized and void for failure to follow the remittitur.

Under the current versions of sections 667, subdivision (a) and 1385, subdivision (b), trial courts have the discretion to strike or dismiss a five-year prior serious felony enhancement "in the furtherance of justice." (§§ 667, subd. (a)(1), 1385, subd. (b)(1).)

A trial court's decision not to strike or dismiss a prior serious felony enhancement is reviewed for abuse of discretion. "In reviewing for abuse of discretion, we are guided

---

[4] It is well-established that courts " ' "will not decide constitutional questions where other grounds are available and dispositive of the case." ' " (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230; *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 753 ["constitutional issues ordinarily will be resolved on appeal only if 'absolutely necessary' and not if the case can be decided on any other ground"].)

by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

In exercising its discretion under section 1385, subdivision (b)(1), a trial court considers factors including the defendant's rights, the interests of society, and individualized considerations pertaining to the defendant and his offenses and background. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 359.)

Although defendant recognizes that the offenses he committed in this case are "extremely serious and disturbing" and that he has a "rather lengthy criminal record," he nevertheless argues that the trial court abused its discretion in imposing "the draconian, unnecessarily long sentence" of 25 years and eight months, including five years for the prior serious felony enhancement. According to defendant, the following factors "counsel in favor of" striking the enhancement: his prior serious felony conviction for first degree burglary was committed in 2008 and did not involve a weapon or injury to any person, his performance on probation was satisfactory,[5] he was employed full time

---

[5] At various times, the defense references defendant's prior performance on probation or parole. We note that the probation report filed in connection with the original sentencing hearing states that "defendant's prior performance on PRCS [i.e., postrelease community supervision] appears to have been satisfactory." Although unclear, the defense appears to

when he committed the current offenses, the injuries sustained by his son were the result of an accident, he did not act with a malicious intent toward his son, and he has a great deal of remorse for the injuries sustained by his son. Finally, defendant argues that, because one of his current offenses is a violent felony, he must serve 85 percent of his sentence before he is eligible for parole, which results in a prison term that does not "fit [him] or the offense."

We find no abuse of discretion. The record discloses that the trial court considered the arguments made by counsel on remand, including defense counsel's mitigation arguments relating to defendant's culpability for the failure to timely seek medical care for his son, and defendant's successful completion of a parole term. The court also considered the arguments made by defendant. At the resentencing hearing, defendant claimed that he did not injure his son, he did not realize that his son had been injured during the altercation with J.H., he did not intend to hurt J.H. or his son, his son's injuries were the result of an accident, the hospital was negligent in treating his son, and he had successfully completed a term of probation or parole. In declining to exercise its discretion to strike or dismiss the five-year prior serious felony enhancement, the court discussed defendant's current offenses and his criminal history, noting that defendant had been convicted of a violent crime in this case that was not an accident and had a significant criminal history. The court stated that defendant was responsible for inflicting the serious injuries sustained by his son, and for failing to timely seek medical assistance for his son, even though he had "many, many, many, opportunities" to do so. The court further stated that the passage in time in failing to seek medical assistance "exacerbated" the "baby's situation," and "[t]he "mere fact that [J.H.] also sat on her hands and didn't come to the assistance of the baby is not mitigating, in the Court's view. It's inculpating

be referring to defendant's performance on PRCS when it refers to his prior performance on probation or parole.

6

for [J.H.] but not mitigating for [defendant]." The record reflects that the court considered relevant factors and gave reasonable explanations for its decision to decline to strike the enhancement. On this record, we cannot conclude the trial court abused its discretion.

II

*Senate Bill No. 136*

Defendant contends, and the People concede, that the one-year prior prison term enhancement (§ 667.5, subd. (b)) must be stricken under Senate Bill No. 136. We agree.

At the time defendant was resentenced in October 2019, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation that the defendant had served a separate prior prison term, unless the defendant had remained free of both felony convictions and prison or jail custody during a period of five years since the prior prison term. (former § 667.5, subd. (b).) While this appeal was pending, Senate Bill No. 136 went into effect on January 1, 2020. (Stats 2019, ch. 590, § 1.) Senate Bill No. 136 amended section 667.5, subdivision (b) by eliminating the one-year prior prison term enhancement, unless the prior prison term was for a sexually violent offense, as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. (§ 667.5, subd. (b).)

It is undisputed that defendant's prior prison term for theft by false pretenses (§ 532, subd. (a)) does not qualify as an enhancement under the amended version of section 667.5 subdivision (b). Thus, because defendant's judgment is not yet final, he is entitled to the ameliorative benefit of the change in law. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342 [Senate Bill No. 136 applies retroactively to defendants whose convictions were not final at the time the law became effective].) Absent evidence to the contrary, we presume the Legislature intends for ameliorative changes to the criminal law to apply to all defendants whose judgments are not yet final on the statute's operative date. (*People v. Conley* (2016) 63 Cal.4th 646, 657; *People v. Brown* (2012) 54 Cal.4th

7

314, 323.)  Accordingly, we will modify the judgment by striking defendant's one-year prior prison term enhancement imposed under former section 667.5, subdivision (b).  Because the trial court did not impose the maximum sentence, we will remand the matter for resentencing.  Generally, "when part of a sentence is stricken on review, . . . 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "  (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see *People v. Lopez, supra*, 42 Cal.App.5th at p. 342 ["Because the trial court imposed the maximum possible sentence, there is no need for the court to again exercise its sentencing discretion" due to recent enactment of Senate Bill No. 136].)

## DISPOSITION

The judgment is modified to strike the one-year enhancement imposed under section 667.5, subdivision (b) and the matter is remanded for resentencing.  As modified, the judgment is affirmed.  Following resentencing, the trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/

Duarte, J.

We concur:


/s/

Hull, Acting P. J.


/s/

Murray, J.

8