Filed 12/28/21  P. v. Graham CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY CHRISTOPHER GRAHAM,<br><br>    Defendant and Appellant. | A160737<br><br>(Contra Costa County<br>Super. Ct. No. 50118505) |

Defendant Larry Christopher Graham contends, the People concede, and we agree the trial court erred in denying Graham's Penal Code section 1170.95[1] petition to vacate Graham's first degree murder conviction without issuing an order to show cause and holding an evidentiary hearing.  We reverse and remand the matter for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts are taken from the record of conviction and from our prior decision affirming Graham's 2003 convictions for first degree

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

1

murder, robbery, and use of a deadly weapon. (*People v. Graham* (May 31, 2006, A103124) [nonpub. opn.] 2006 WL 1493813 (*Graham I*).) We focus only on those facts relevant to this appeal and refer the reader to our prior decision for a more complete recitation of the factual and procedural background of this case.

## I.     Conviction and Sentencing

In March 2003, Graham was convicted by jury of first degree murder (§187(a)) and first degree robbery (§211), with a true finding that they[2] used a deadly weapon during the robbery (§12022, subd. (b)(1)). Graham was sentenced to a prison term of 26 years 8 months to life. On appeal, we affirmed the convictions, but found the robbery sentence unauthorized and remanded. (*Graham I*, *supra*, A103124 at pp. *23–25.) On remand, the court sentenced Graham to a prison term of 25 years to life.

At trial, the jury learned of the following course of events.

The night of January 1, 2001, Anita Sabedra, Graham, and their co-defendant Antonio Gans went to a market. Sabedra approached Anthony Buccellato and lured him back to her apartment as part of a plan between Sabedra, Graham, and Gans to scare Buccellato and take his truck. (*Graham I*, *supra*, A103124 at *4—5.)

Graham and Gans were already in the apartment when Sabreda and Buccellato arrived. Graham and Gans viciously beat Buccellato with pliers and a flashlight, tied his hands and feet with duct tape, and took his belongings (wallet, keys, and money). (*Graham I*, *supra*, A103124 at *6.) Graham and Gans admitted they hit Buccellato with

---

[2]     Graham uses the pronouns "they," "them," and "their."

the pliers and that Gans hit him with the flashlight.  (*Id.*, at \*15, 20.)
Graham denied any intent to kill Buccellato.  (*Id.*, at \*20.)

Sabedra and one of her roommates told Graham and Gans to get
Buccellato to a hospital.  Graham and Gans removed the duct tape, laid
him on a carpet, carried him and put him in the bed of his pickup truck.
(*Graham I, supra*, A103124 at \*16, 20—21.)  Gans did not know if
Buccellato was dead or alive.  (*Id.*, at \*16.)  Graham stayed in the truck
bed with Buccellato and during the drive realized he had no pulse and
was not breathing.  Graham " 'panic[ked],' " unlatched the tailgate, and
pushed Buccellato onto the highway, where he was struck by several
cars.  (*Id.*, at \*17, 22.)  Buccellato was found dead.  The pathologist
could not determine if Buccellato died due to the impact from the
vehicles or from the earlier wounds.  (*Id.*, at \*5.)

## II.    Petition for Resentencing

On August 5, 2019, Graham filed a form petition for resentencing
pursuant to section 1170.95.  Graham alleged that: (1) a complaint,
information, or indictment was filed against them "that allowed the
prosecution to proceed under a theory of felony murder or murder
under the natural and probable consequences doctrine"; (2) they were
"convicted of 1st or 2nd degree murder pursuant to the felony murder
rule or the natural and probable consequences doctrine"; (3) they could
not be convicted of first or second degree murder under section 188 or
189, as effective January 1, 2019; and (4) a court or jury made a prior
determination that they were "not a major participant and/or did not
act with reckless indifference to human life" under section 190.2,
subdivision (d).  The People opposed the petition.

3

In deciding the petition, the trial court considered the briefs, the record of conviction ("Information, Abstract of Judgment, Jury Instructions and court minute orders"), and the statement of facts in *Graham I*. It did not consider police reports or probation reports or the transcripts from the grand jury, preliminary hearing, or trial because "the evidence presented at trial as summarized in the appellate decision reliably reflects the conduct on which defendant was convicted."

At the hearing on the petition, the court found it was facially sufficient and went through the three requirements as set forth in section 1170.95, subdivision (a)(1-3) (in brief and as relevant here, (1) the prosecution could proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) Graham was convicted of first degree murder, and (3) Graham could now not be convicted of first degree murder because of changes to Section 188 or 189 made effective January 1, 2019). The court found Graham attested under penalty of perjury that he was convicted of first degree murder and that the information allowed the prosecution to proceed under both felony murder and natural and probable consequences theories. The court noted the jury was instructed on felony murder, on guilt based on aiding and abetting a murder that was the natural and probable consequence of robbery, kidnapping, and carjacking, and on a natural and probable consequences theory of guilt as a coconspirator.

However, the court denied the petition because it found Graham did not satisfy the third factor, that Graham "could not be convicted of first or second degree murder because of changes to Section 188 or 189

4

made effective January 1, 2019." (§ 1170.95, subd. (a).) In so doing, the court applied a substantial evidence test to the facts as discussed in *Graham I*, finding "the jury *could have* based its first degree murder verdict on the legally valid theory that Graham committed premeditated and deliberate first degree murder," as the facts "permitted a reasonable inference that Graham intended to kill the victim." (Italics added.)

On July 29, 2020, without issuing an order to show cause or holding an evidentiary hearing, the court found Graham failed to make a prima facie showing of eligibility for relief and denied the petition. This appeal ensued.

## DISCUSSION

### I. Applicable Law Governing Murder Convictions Under the Felony Murder Doctrine

Section 1170 was enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015; hereafter SB 1437). SB 1437 was passed to " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 555—556 (*Lombardo*).)

SB 1437 amended the Penal Code in two significant ways: (1) it redefined malice under section 188 to require that the principal act be with malice aforethought, such that malice may no longer be imputed to a person based solely on his or her participation in a crime (§ 188,

5

subd. (a)(3)); and (2) it amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, review granted Mar. 18, 2020, S260493.)

In addition, the bill added section 1170.95 to provide the procedure by which a defendant convicted of felony murder or murder under a natural and probable consequence theory may petition to have the conviction vacated and to be resentenced on the remaining counts. (*Lombardo*, *supra*, 54 Cal.App.5th at p. 557; § 1170.95, subd. (a).) "Briefly, there are four main steps in the process. First, the defendant files a petition, which the trial court may deny without prejudice if it does not contain certain required information. (§ 1170.95, subd. (b).) Second, the court determines whether the defendant has made a prima facie showing of entitlement to relief. If so, it issues an order to show cause. (§ 1170.95, subd. (c).) Third, the court holds an evidentiary hearing to determine whether the murder conviction should be vacated. (§ 1170.95, subd. (d)(1), (3).)" (*People v. Cooper* (2020) 54 Cal.App.5th 106, 113-114 (*Cooper*).) "Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. § 1170.95, subd. (d)(3).)" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981 (*Drayton*).) Fourth and finally, if the defendant is entitled to relief, the court recalls the sentence, vacates the conviction

6

and any accompanying enhancements, and resentences the defendant. (§ 1170.95, subd. (d).)

## II.    Defendant made a Prima Facie Showing

Here, we are concerned with the second step, whether Graham made a prima facie showing such that the trial court should have issued an order to show cause and held an evidentiary hearing. (*Cooper*, *supra*, 54 Cal.App.5th at pp. 114—115.)  To make this showing, a petitioner must attest under penalty of perjury eligibility for relief under section 1170.95, based on three prerequisites: (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "[t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder"; and (3) "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  ( § 1170.95, subd. (a).)  The first two factors are not at issue in this appeal.  As to the third factor, Graham alleged facts sufficient to state a prima facie case of eligibility because he was not ineligible as a matter of law based upon the record of conviction. Therefore, an order to show cause should have issued.

At the prima facie stage, the court may deny a petition if the petitioner is ineligible for relief as a matter of law. (*Drayton*, *supra*, 47 Cal.App.5th at pp. 980-981, abrogated on other grounds by *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).)  To make this determination, the court should consider the petitioner's record of conviction.  (*Lewis*,

7

*supra*, at pp. 971-972.) " '[I]f the record, including the court's own documents, "contains[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner," ' " thereby deeming him or her ineligible. (*Id.* at p. 971.) A petitioner is ineligible for relief as a matter of law if the record of conviction shows that he or she was not convicted under any theory of liability affected by SB 1437's amendments to the law of murder. For example, if the jury instructions indicate that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petition must be denied without issuance of an order to show cause. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review granted Feb. 24, 2021, S266336.) Similarly, if the record of conviction shows that a murder conviction is necessarily based on a theory of liability that remains valid under the amended law—such as actual malice—then the petition also must be denied. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1059, review granted Sept. 23, 2020, S263939 [petition was subject to denial as a matter of law as petitioner's conviction necessarily based on actual malice.].) A finding of ineligibility may also be based on a legal holding or statements from a prior appellate opinion concerning the conviction, so long as the trial court does not engage in factfinding based on the prior opinion. (*Lewis*, *supra*, 11 Cal.5th at p. 972, citing *People v. Woodell* (1998) 17 Cal.4th 448, 454-455.) If the prima facie showing is satisfied because there is no indication of ineligibility as a matter of law, then the court must issue an order to show cause why relief should not be granted. (§ 1170.95, subd. (c).)

8

The parties here agree, correctly, that the trial court could not weigh the underlying facts at this stage of the process to find that, as a matter of law, Graham could be convicted of first degree murder under a currently valid theory (e.g., deliberate and premeditated murder).[3] The trial court was "limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton, supra*, 47 Cal.App.5th at p. 980.) "[T]he trial court should not decide unresolved factual issues that involve credibility determinations or weighing of evidence. Rather, it should decide such issues only after issuing an order to show cause and holding an evidentiary hearing." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811-812 (*Duchine*), quoting *Drayton, supra*, 47 Cal.App.5th at p. 980.)

The record before the trial court did not clearly or readily indicate that Graham was convicted of felony murder based on a theory that Graham was a major participant and acted with reckless indifference to human life. Further, the jury was not required to find Graham was the actual killer or acted with actual malice and so the trial court relied on our conclusion that substantial evidence supported both the actual malice theory, and the felony murder theory of murder. (*Graham I, supra*, A103124 at *15.) It is therefore clear that the court exceeded its authority at this stage and also used the wrong standard of proof—

---

[3] The People in no way concede that, upon remand, Graham will be found eligible for relief. We do not reach or comment on that issue as it is not relevant to the appeal before us.

substantial evidence—as the People's burden at the evidentiary hearing is proof beyond a reasonable doubt. (*Lewis, supra*, 11 Cal.5th at p. 960; *Duchine, supra*, 60 Cal.App.5th at 815 ["[T]he petitioner's required showing at the prima facie stage and the prosecution's burden at the evidentiary hearing are the opposite sides of the same coin. Since we agree with Justice Perluss that section 1170.95, subdivision (d) requires the prosecutor to prove beyond a reasonable doubt that the defendant 'in fact, acted during the crime with the now-required mental state,' not merely that 'a jury could [hypothetically] have found that [he] may have acted with express malice' [citation], we hold that the prima facie showing the defendant must make is that he did not, in fact, act or harbor the mental state required, for a murder conviction under current law."].)

As Graham's section 1170.95 petition stated a prima facie case that Graham is potentially eligible for relief, and the Court had no valid basis for finding Graham ineligible for relief as a matter of law, we remand this matter to the trial court to issue an order to show cause and hold an evidentiary hearing in which it will act as the trier of fact. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 360 ["A remand is necessary to ensure proceedings that are just under the circumstances, namely, a hearing at which both the People and defendant may be present and advocate for their positions"].)

As the resentencing hearing will take place after January 1, 2022, we note that Senate Bill No. 775 (2021–2022 Reg. Sess.) amends section 1170.95 effective January 1, 2022. Among other things, it reaffirms that the proper burden of proof at the resentencing hearing is

proof beyond a reasonable doubt and addresses what evidence a court may consider at a resentencing hearing.  (*Id.*, subd. (c) and (d).)

## DISPOSITION

The July 29, 2020 order denying the section 1170.95 petition is reversed and the matter is remanded to the trial court with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d) to determine whether to vacate Graham's first degree murder conviction, recall the sentence, and resentence Graham.

_____

Petrou, J.

WE CONCUR:


_____

Tucher, P.J.


_____

Rodríguez, J.

*People v. Graham / A160737*

12