Filed 7/12/23  P. v. Patton CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B320626 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA073477) |
| v. | |
| ACORRI PATTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for the County of Los Angeles, Daviann L. Mitchell, Judge.  Reversed and remanded with directions.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

On remand for a resentencing hearing, the trial court conducted the hearing and imposed sentence without defendant Acorri Patton in attendance.  On appeal from that sentence, defendant contends, among other things, that the court erred by not complying with the waiver requirements of Penal Code section 977, subdivision (b)(1).[1]  We reverse and remand for resentencing.

# II. BACKGROUND

A. *Convictions and Appeal*

In 2019, a jury found defendant guilty of one count of first degree murder in violation of section 187, subdivision (a) and one count of first degree robbery in violation of section 211.  That jury also found:  true the robbery and burglary special circumstance allegations within the meaning of section 190.2, subdivision (a)(17)(A) and (G); and not true the personal use of a deadly weapon allegation within the meaning of section 12022, subdivision (b)(1) and the personal infliction of great bodily injury allegation within the meaning of section 12022.7, subdivision (a).

The trial court sentenced defendant on the murder count to life without the possibility of parole and on the robbery count to the high term of six years, but stayed execution of sentence.

On appeal from the judgment of conviction, this court in *People v. Brandon, et al.* (Nov. 1, 2021, B300932) [nonpub. opn.]

---

[1]     All further statutory references are to the Penal Code.

2

(*Brandon*)[2] reversed defendant's murder conviction and the true findings against her on the special circumstance allegations. We therefore remanded the matter with directions to conduct a resentencing hearing on defendant's conviction on the robbery count.

B.    *Resentencing*

Prior to the resentencing hearing, defendant filed a statement in mitigation that attached as an exhibit a social history report, including mental health records. The mitigation statement listed three "'contributing factor[s]'" under section 1170 for the trial court to consider during resentencing, including that she had been the victim of intimate partner violence. Among other things, defendant argued that, under section 1170, the court could only impose a sentence that exceeded the four-year middle term for robbery if there were circumstances in aggravation to which defendant stipulated, or which were found true beyond a reasonable doubt at trial by the jury or the judge in a court trial.

On May 16, 2022, the trial court called the matter for a probation and resentencing hearing. Defendant did not appear. She was a "miss-out" as she was under quarantine in the county jail.

On May 26, 2022, the trial court held the continued probation and resentencing hearing. At the outset, the court stated, "All right. The defendant is not in court. And do you

---

[2]    We deny the Attorney General's request for judicial notice of the record on appeal in *Brandon, supra*, B300932 as that record is unnecessary for our resolution of this appeal.

waive her appearance?  She's a medical missout due to quarantine.  And do you do that?"

Defense counsel replied, "Yes."

The trial court continued, "And based on our conversation this morning, and [defendant] giving you authority to hear this matter pursuant to [section] 997[, subdivision] (b) . . . , do you want to proceed in that manner?"

Counsel again replied, "Yes."

The trial court then ruled that it would permit defendant's counsel to proceed on her behalf during the resentencing proceeding.

The trial court began the resentencing discussion by confirming that it had read and considered defendant's statement in mitigation.  The prosecutor then recited the aggravating factors that favored a high term sentence.  The court asked defense counsel questions about defendant's assertion, in her statement of mitigation, that she had been the victim of intimate partner violence by her codefendant.  When defense counsel cited to a page of defendant's statement of mitigation in support, the court disagreed, noting that although the statement of mitigation described defendant's torture by a boyfriend, it did not specify that the boyfriend was codefendant.  After reviewing the evidence in support of the mitigating and aggravating factors, the court denied probation and sentenced defendant on the robbery count to the high term of six years.

## III.  DISCUSSION

Defendant contends that the trial court prejudicially erred when it conducted the resentencing hearing without either defendant's personal appearance or a valid waiver of her appearance.

### A.  *Legal Principles and Standard of Review*

Both the Sixth Amendment of the United States Constitution and article 1, section 15 of the California Constitution guarantee a criminal defendant the right to the assistance of counsel "at all critical stages of a criminal prosecution, including sentencing."  (*People v. Doolin* (2009) 45 Cal.4th 390, 417, 453.)  "Both constitutions similarly afford a defendant the right to be present at all critical stages of a criminal prosecution."  (*People v. Rocha* (2019) 32 Cal.App.5th 352, 357 (*Rocha*).)  Resentencing is considered a critical stage of the proceedings for purposes of a defendant's right to be present. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347–348 ["Sentencing is considered to be one such critical stage [citations], and, because the trial court has discretion to reconsider the entire sentence on remand, resentencing is another critical stage"].)

Section 977, subdivision (b)(1) codifies a defendant's right to be present at certain stages of a criminal proceeding, including at the time of imposition of sentence, and sets forth the circumstances under which a defendant may waive that right. The version of that section in effect at the time defendant was

5

sentenced[3] provided, "[I]n all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless they shall, with leave of court, execute in open court, a written waiver of their right to be personally present, as provided by paragraph (2)." (Former section 977, subd. (b)(1), added by Stats. 2021, ch. 196, § 1 (AB 700), effective Jan. 1, 2022.)

Whether defendant has a right to be present at a hearing is a question of law we review de novo. (*People v. Santos* (2007) 147 Cal.App.4th 965, 972.) We review the trial court's factual findings for substantial evidence. (*People v. Reneaux* (2020) 50 Cal.App.5th 852, 863.)

B. *Waiver of Defendant's Personal Appearance*

We agree with defendant that—even assuming section 977, subdivision (b)(1) permitted defendant to waive her right to be present at the resentencing hearing—the trial court did not comply with section 977, subdivision (b)(1)'s requirements for a waiver of personal presence.[4] Under the version of that provision

---

[3] The current version of section 977, subdivision (b)(1), effective June 30, 2022, omits the language requiring that the written waiver be executed in court. (§ 977, subd. (b)(1) (Stats. 2022 ch. 57, § 13 (AB 199), effective June 30, 2022).)

[4] For purposes of this appeal, we need not decide whether the court violated defendant's constitutional rights to be present

6

in effect at the time of resentencing, the waiver of defendant's personal presence at the hearing was required to be made in open court and in writing. As the record of the hearing reflects, defendant was not present in court when her counsel attempted to waive her appearance—she was a "missout due to quarantine"—and the authorization for her counsel to represent her at the hearing was given orally, not in writing. The resentencing under such circumstances therefore violated defendant's rights under section 977.

The Attorney General concedes that "the record does not show that [defendant], in open court, executed a written waiver of her right to be personally present at her resentencing hearing." But he nevertheless argues that, due to the ongoing COVID-19 pandemic, "the circumstances of [defendant's] waiver satisfied the policies underlying section 977 and Emergency Rule 5."[5]

---

because we can resolve her appeal on the alternative state statutory grounds she raises. "'Our jurisprudence directs that we avoid resolving constitutional questions if the issue may be resolved on narrower grounds.' (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1102.)" (*Rocha, supra*, 32 Cal.App.5th at p. 357.)

[5] Emergency Rule 5(b)(2) (Cal. Rules of Court, Appen. I, rule 5(b)(2)), in effect at the time of resentencing, provided, in pertinent part: "With the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf. The court must accept defendant's waiver of appearance or personal appearance when: [¶] (A) Counsel for the defendant makes an on the record oral representation that counsel has fully discussed the waiver and its implications with the defendant and the defendant has authorized counsel to proceed as counsel represents to the court; [¶] (B) Electronic communication from the defendant as

7

Emergency rule 5 required defendant's counsel to "fully discuss" with her the waiver of her presence at the resentencing hearing, including specifically the "implications" of doing so.  The transcript of the hearing, however, does not show that counsel complied with these requirements.  At best, it shows that defendant gave counsel authority to represent her at the hearing, but not that she had "fully discussed the wavier and its implications" with her lawyer.  (Emergency rule 5.)  On this record, we conclude that the express requirements of the Emergency rule were not satisfied.

For similar reasons, we also reject the Attorney General's assertion that there was substantial compliance with section 977 and Emergency rule 5.  "Even if a statute is considered mandatory, substantial compliance may suffice in some circumstances if the purpose of the statute is satisfied.  (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 194 . . . .)  . . . [¶]  'Substantial compliance' means actual compliance in respect to the substance essential to every reasonable objective of the statute, as distinguished from mere technical imperfections of form.  [Citations.]  The essential inquiry is whether under the circumstances the policies underlying the statute were served.  [Citation.]  '"Where there is compliance as to all matters of substance[,] technical deviations are not to be given the stature of noncompliance."'  [Citation.]"  (*People v. Carroll* (2014) 222 Cal.App.4th 1406, 1420–1421.)

Defense counsel's brief statements at the beginning of the hearing about his client's appearance fall short of actual compliance with the requirements of section 977 and Emergency

confirmed by defendant's counsel; or  [¶]  (C) Any other means that ensure the validity of the defendant's waiver."

8

rule 5 and cannot fairly be characterized as mere technical deviations from such requirements. Defense counsel was never asked and did not volunteer whether he had advised defendant that she had the right to attend the resentencing hearing and participate in her defense and that she nevertheless voluntarily gave up that right.

C. *Prejudice*

We agree with defendant that the trial court's conducting of the resentencing hearing without her personal presence or a compliant waiver under state law resulted in prejudice.[6]

Had defendant been present at the hearing, she could have provided specific information in support of the assertion that she had been the victim of intimate partner violence by her codefendant. That assertion, if accepted by the trial court, would have been a factor in mitigation that could have affected the length of defendant's sentence. On this record, we conclude that

---

[6] Because we resolve this appeal under state law, we evaluate prejudice under the "reasonable probability" standard articulated in *People v. Watson* (1956) 46 Cal.2d 818. "A 'reasonable probability' 'does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*.' [Citation.] It 'does not mean "more likely than not," but merely "probability sufficient to undermine confidence in the outcome.""' [Citations.] Therefore, reversal is necessary when it cannot be determined whether or not the error affected the result, as in such a case there 'exists . . . at least such an equal balance of reasonable probabilities' '"that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."' [Citation.]" (*People v. Hardy* (2021) 65 Cal.App.5th 312, 329–330.)

9

it is reasonably probable that input from defendant would have lead to a more favorable outcome at the sentencing hearing. (*Rocha, supra*, 32 Cal.App.5th at p. 360.)[7]

## IV.  DISPOSITION

Defendant's sentence is reversed and the matter is remanded for a new resentencing hearing.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

---

[7]     Because we resolve this appeal on the first ground raised for reversal, we do not address defendant's alternative grounds based on the trial court's aggravated circumstances findings. Those concerns can be raised with the court on remand at the resentencing hearing.