Filed 12/5/23  P. v. Rocha CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B326920 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA409258) |
| v. | |
| ARMANDO ROCHA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Armando Rocha appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Rocha filed a supplemental brief. We review the contentions Rocha raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     Conviction and sentence

As discussed in the opinion in Rocha's direct appeal, in 2014 Rocha and codefendant Javier Trujillo were charged with murder (§ 187, subd. (a)), and with gang and firearm use allegations. (§§ 186.22, subd. (b)(1)(C)), 12022.53, subds. (b)-(e).) One prior serious felony, also a strike conviction, was alleged as to Rocha. (§ 667, subds. (a)(1) & (b)-(j), 1170.12.) (*People v. Rocha* (Jan. 29, 2018, B270706) [nonpub. opn.].)

"The jury convicted Rocha and Trujillo of first-degree murder and found the gang and firearm use allegations to be true. The court found the prior serious felony allegation as to Rocha to be true. Rocha was sentenced to 80 years to life in prison, consisting of 25 years to life for the murder conviction, doubled, plus 25 years to life for the gun use enhancement, and a five-year enhancement under section 667, subdivision (a)(1). No term was imposed for the gang enhancement. He was given custody credits and assessed various fines and fees." (*People v. Rocha, supra.*) A different panel of this court remanded the matter to allow the trial court to exercise its discretion under

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

section 12022.53, subdivision (h); in all other respects, the judgment was affirmed. (*Ibid.*)

In a subsequent appeal, another panel of this court held that Rocha was entitled to a hearing before the court exercised its discretion as to the firearm enhancement and the prior serious felony enhancement. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 355.)

## B.    Petition for resentencing

On February 1, 2022, Rocha filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] The trial court appointed counsel for Rocha and ordered the People to file a response to Rocha's petition. The People opposed the petition on the grounds that Rocha was ineligible for relief as a matter of law because his jury was not instructed on theories of natural and probable consequences or felony murder. The People attached the jury instructions from Rocha's trial. Rocha's appointed counsel filed a short response "submitting to a decision . . . based upon the previously filed motions and briefs in this matter."

At the hearing, the prosecutor stated that Rocha "is not entitled to relief under 1172.6. And I believe the defense has submitted on that." The court asked, "You agree?" Defense counsel responded, "I do. I submit." The trial court denied Rocha's petition, finding that Rocha was ineligible for resentencing. Rocha timely appealed.

---

[2]    Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

## DISCUSSION

Rocha's appellate attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Rocha was advised of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and did so. We evaluate the arguments set forth in that supplemental brief. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Rocha acknowledges his attorney's explanation that he was not convicted pursuant to the theories of natural and probable consequences or felony murder. However, Rocha asserts that "the court never gave the defendant the opportunity to be at least tried by the theories under [former section] 1170.95. . . . Do we not have the right to get the opportunity to be tried by these other theories that may give a petitioner relief[?]"

Section 1172.6 does not afford Rocha that relief; nothing in section 1172.6 entitles him to a new trial under different theories. Rather, the plain language of section 1172.6 allows for resentencing only for those previously "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," who "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a)(1), (3).) If a petitioner does not meet these criteria, he or she is ineligible for relief under section 1172.6.

Rocha also states in his supplemental brief that he was not involved in the crimes, and he questions the witnesses'

4

identification of him.  However, "[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings."  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Moreover, Rocha's questioning of the evidence against him does not demonstrate that the trial court erred in denying his petition for resentencing.  (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].)

In addition to rejecting the arguments Rocha raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist.  (See *Delgadillo, supra*, 14 Cal.5th at p. 232.)

**DISPOSITION**

The order denying relief is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P.J.


ZUKIN, J.