Filed 10/7/22 P. v. Ochoa CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093852 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE015813) |
| v. | |
| XAVIER OCHOA, | |
| Defendant and Appellant. | |

A jury found defendant Xavier Ochoa guilty of robbery and found true an allegation he personally used a firearm. He contends the trial court, in declining to strike his firearm enhancement, abused its discretion by relying on inapplicable aggravating factors and failing to adequately consider mitigating factors associated with his youth. We will affirm the judgment.

1

BACKGROUND

On his 18th birthday, while on juvenile probation for a firearm possession offense (Pen. Code, § 25400, subd. (a)(1)),[1] defendant robbed the victim at gunpoint. The victim had seen defendant's social media post offering a gun for sale and they arranged to meet. When the victim got in defendant's car, defendant pointed a gun at his head, threatened to shoot him, and took $700 from the victim.

A jury found defendant guilty of second degree robbery (§ 211) and found true the allegation defendant personally used a firearm (§ 12022.53, subd. (b)).

A presentence probation report listed several circumstances in aggravation. In particular, the crime involved great violence and other acts disclosing a high degree of cruelty, viciousness, or callousness; the manner in which the crime was carried out indicated planning; and, defendant was on juvenile probation when the crime was committed. Defendant was also involved in several disciplinary incidents while in custody. In mitigation, the probation report noted defendant was youthful. The probation report recommended sentencing defendant to the middle term of three years plus 10 years for the firearm enhancement.

At sentencing in March 2021, defense counsel urged the trial court to strike the firearm enhancement and sentence defendant to the upper term of five years for the robbery, arguing defendant only briefly used the gun to threaten the victim and had "essentially no criminal record." Alternatively, if the court was not inclined to strike the enhancement, counsel argued, the court should impose the low term of two years, "given the facts and circumstances of the case, given Mr. Ochoa's youth, given Mr. Ochoa's lack of a criminal record."

---

[1] Undesignated statutory references are to the Penal Code.

The prosecutor argued the trial court should not strike the enhancement, noting defendant had a previously sustained juvenile adjudication for possession of another gun. The prosecutor also argued the court should impose the upper term on the robbery, noting defendant's youth did not outweigh other aggravating factors.

The trial court agreed with the probation report's assessment of aggravating and mitigating factors. The court recognized its discretion to strike the enhancement and stated its exercise of discretion was tied to consideration of defendant's rights, society's interests, and defendant's individual circumstances, including his offenses and background. The court noted defendant was "arguably of a young and impressionable age." He had discontinued his education in the 10th grade. His behavior in custody had been "problematic," as "four major incidents" caused him to "suffer[] 31 days of restriction during his custodial time." The court also noted defendant's probationary status and recited the facts of the instant offense. "Based on the totality of the circumstances," the court "did not find a basis upon which to exercise [its] discretion to either strike or dismiss the gun enhancement." The court selected the low term for the robbery offense, citing defendant's youth. Defendant was thus sentenced to an aggregate term of 12 years, consisting of two years for the robbery and 10 years for the firearm enhancement.

DISCUSSION

Defendant argues "the trial court abused its discretion, denying striking of the firearm use enhancement, and relying on inapplicable aggravating factors, with no consideration of individualized youthful offender factors" set forth in *Miller v. Alabama* (2012) 567 U.S. 460, 477-478.[2]  We see no error.

---

[2]  Because we elect to reach the merits, we need not address defendant's alternative contention, raised in anticipation of forfeiture, that counsel was ineffective for failing to raise these issues.

3

Under section 12022.53, a person who, in the commission of an enumerated felony, including robbery, personally uses a firearm, must be punished by an additional and consecutive term of 10 years in state prison. (§ 12022.53, subds. (a)(4), (b).) But "[t]he court may, in the interest of justice pursuant to Section 1385 . . . strike or dismiss an enhancement otherwise required to be imposed by [section 12022.53]." (*Id.*, subd. (h).) In doing so, a court should consider the factors enumerated in the California Rules of Court relating to general sentencing objectives and aggravating and mitigating factors. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 497.) The court is presumed to have applied all required factors unless the record affirmatively demonstrates otherwise. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117.) We review for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374, 376-377; *Nazir,* at p. 490.)

The record reflects the trial court's proper exercise of discretion. The court summarized the facts of the case, considered the probation report and the parties' arguments, weighed aggravating and mitigating factors (*People v. Pearson, supra*, 38 Cal.App.5th at p. 117), considered defendant's background and prior offense (*People v. Rocha* (2019) 32 Cal.App.5th 352, 359), and postjudgment conduct (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 627). The court understood its discretion to strike the firearm enhancement and, based on the totality of the circumstances, concluded that it was not in the interest of justice to do so here.

We reject defendant's contention that the trial court relied on inapplicable aggravating factors. Defendant arranged via social media to meet the victim and then robbed him, showing "*planning*, sophistication, or professionalism." (Cal. Rules of Court, rule 4.421(a)(8), italics added.) And defendant pointed a gun at the victim's head and threatened to shoot him, which "involved great violence, great bodily harm, *threat of great bodily harm*, or other acts disclosing a high degree of cruelty, viciousness, or callousness." (Cal. Rules of Court, rule 4.421(a)(1), italics added.) Moreover, a section 12022.53 firearm enhancement is a " 'default punishment' " (*Nazir v. Superior Court,*

*supra*, 79 Cal.App.5th at p. 497) that does not depend on the presence of aggravating factors—the use of a firearm in the commission of an enumerated felony is itself sufficient—but such factors properly figure, as they did here, into a court's refusal to strike the enhancement (see *People v. Flores* (2021) 63 Cal.App.5th 368, 377). Thus, that refusal would not amount to abuse of discretion even if we accepted defendant's characterization of his offense as an "inherently unsophisticated," "garden-variety robbery." Nor are we persuaded by defendant's claim that the court erroneously used an element of his crime to enhance his sentence; firearm use is not an element of robbery, garden-variety or otherwise. (§ 211.)

Also lacking merit is defendant's contention the trial court "under-used the factor of youthfulness," as evidenced by its failure to consider specific youth-related mitigating factors set forth in *Miller v. Alabama, supra*, 567 U.S. at pages 477-478.[3] The factors identified in *Miller* and recent ameliorative sentencing legislation—most pertinently, Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385 to require courts to consider certain factors similar to those in *Miller*—reflect what defendant correctly identifies as "the increasing recognition that offenders as old as 25 are simply not as culpable as older defendants." (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1142.) But *Miller* has not been extended beyond juvenile life without parole and functionally equivalent sentences (see generally *People v. Franklin* (2016) 63 Cal.4th 261, 276), and Senate Bill No. 81 expressly applies only to sentencings occurring after January 1, 2022. (§ 1385, subd. (c)(7), as amended by Stats. 2021, ch. 721, § 1.) Moreover, the court, in imposing defendant's aggregate 12-year sentence, sentenced defendant to the lower term

---

[3] In particular, a court must consider the juvenile offender's " 'chronological age and its hallmark features,' " " 'family and home environment,' " " 'familial and peer pressures,' " " 'incompetencies associated with youth,' " and " 'possibility of rehabilitation.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1388-1389.)

5

specifically because of defendant's youth. Defendant's bare assertion that a more intensive examination of youth-related factors, not required under the law at the time of sentencing, could have yielded an even more favorable outcome fails to establish abuse of discretion.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
ROBIE, P. J.


_____/s/_____
HULL, J.